UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTAURI SHIPPING LTD.,                    :        07 CIV 4761 (KMK)

                  Plaintiff,       :        ECF CASE

   - against -                                        :

WESTERN BULK CARRIERS KS, WESTERN    :
BULK CARRIERS AS, and WESTERN BULK AS,
                                                    :

                  Defendants.
------------------------------------------------------------X

## DECLARATION OF SARA GILLINGHAM AUKNER
## PURSUANT TO 28 UNITED STATES CODE SECTION 1746

SARA GILLINGHAM AUKNER hereby declares as follows:

1.    I am in-house Legal Counsel of Western Bulk Carriers A/S, the managing partner of the Defendant herein, Western Bulk Carriers K/S ("WBC").

2.    I make this Declaration in support of WBC's Motion to Vacate Maritime Attachment and to Dismiss Verified Complaint.

3.    WBC is, among other business lines, a lead player in the field of chartering and operating ocean going vessels for the carriage of dry bulk cargos world-wide. At any given time, WBC has commercial control of 50-70 vessels, many of which trade in the United States on a regular basis. The level of trade is such that WBC has its own Standard Carrier Alpha Code ("SCAC Code") for use on all Bills of Lading for cargoes being transported to and from the United States and has established an International Carrier Bond (ICB).

4.    WBC maintains its base of operations in Oslo, Norway.

5.    WBC maintains a representative office in Seattle, Washington to aide its trade on the United States west coast.

6.  In recognition of its U.S. east coast business, from June 22, 2005 WBC has been registered with the New York State Department of Corporations to conduct business in the State of New York as a foreign limited partnership. *See Exhibit "1" annexed hereto.*

7.  As part of WBC's registration with the New York State Department of Corporations, WBC has also had a registered agent for service of legal process in New York City since June 22, 2005. *Id.*

8.  The various companies within the WBC group of companies[1] have frequently been party to numerous lawsuits commenced in New York. For example, since approximately the year 2000, WBC KS is identified in approximately 90 separate docket entries as a party in this court alone, in the vast majority of which it was named as a defendant. *See Exhibit "2" annexed hereto.* To the best of my knowledge, although in some of the cases where WBC was named as a defendant it may have raised lack of jurisdiction as an affirmative defense, in none of these cases did WBC ever formally contest court's personal jurisdiction over it.

9.  WBC also regularly transacts business within the State of New York in addition to many other states within the United States. For example, WBC has in the period 2005 to 2007 had many business transactions within the New York area and I set out below the relevant business partners and suppliers of services. I have highlighted those that have been conducted within the State of New York[2]:

---

[1] The term "WBC group" is used for the sake of brevity and is not, and should not be interpreted, as an admission or concession that the entities bearing the name "Western Bulk Carriers" are anything but properly maintained, separate businesses. The entities referred to in this paragraph that have been party to litigation in the United States District Court for the Southern District of New York include "Western Bulk Carriers A/S, Western Bulk Carriers K/S, Western Bulk Carriers GmbH, Western Bulk Carriers (Australia) Ltd. Often the proper WBC entity is not properly identified by the claimant initiating the lawsuit. I estimate that in excess of 90% of the cases the proper WBC entity that should have been named as a party to the lawsuit is either WBC K/S or WBC GmbH. In any case, regardless of whether the claimant has named the proper WBC entity, the proper WBC entity responds to the lawsuit as appropriate.

[2] Supporting documentation for all of the referenced business dealings, in this paragraph are voluminous. Although such documentation is available and can be produced at the Court's directive, the matters referenced in this paragraph are intended to be representative of the extensive level of WBC's New York business dealings.

**Brokers used:**

    Compass Chartering Corporation (NY)

    Jersey Chartering Inc (NY)

    John F. Dillon & Company

    Lalemant USA Inc (NY)

    LQM Petroleum Services Inc

    Midship Marine Inc (NY)

    N.J Costalas Inc (NY)

    Odyssey Chartering and Brokerage Corporation. (NY)

    Peraco Chartering (USA) Inc

    Skaarup Shipbrokers Inc

    Steel Traders Shipping Ltd (NY)

    TFS Freight USA

    Transportation Data Inc

**Business partners:**

    ArcelorMittal (NY)

    Apex Bulk Carriers LLC (NY)

    Chemoil Corporation (NY)

    Louis Dreyfus Corporation

    DnB NOR New York  (NY)

    Eagle Bulk International USA LLC (NY)

    i-Logistics (US) Corp (NY)

Itochu International Inc (NY)

Morgan Stanley Capital Group Inc (NY)

NYK Bulkship (USA) Inc.

Stelfer Trading Inc

Stemcor USA Inc (NY)

Strategic Bulk Carriers Inc (NY)

Tomen America Inc (NY)

TCP Petcoke Corporation (NY)

**Law firms used:**

Betancourt Van Hemmen Greco & Kenyon LLP (NY)

Cichanowicz, Callan, Keane, Vengrow & Textor LLP (NY)

Clark, Atcheson & Reisert (NY)

Freehill Hogan & Mahar LLP (NY)

Lennon Murphy Lennon LLC (NY)

Mahoney & Keane LLP (NY)

Nourse & Bowles LLP (NY)

Tisdale Lennon LLP (NY)

Watson Farley Williams LLP (NY)

**Other agents:**

Thomas Miller (Americas) Inc (NY)

Gard (North America) Inc. (NY)

**Loaded or discharged cargoes or bunkered following vessels:**

M.V. JIN DA
M.V. TAI KANG HAI
M.V. ARCTIC TRADER
M.V. JIN SHUN
M.V. KEN GOH
M.V. ALBERTO TOPIC
M.V. OCEAN JADE
M.V. MOON SEA
M.V. DIMITRIS MANIOS II
M.V. BROTHER GLORY
M.V. TAI AN HAI
M.V. CHALKIDON
M.V. SMART
M.V. ELECTRA
M.V. THOR LOTUS
M.V. FRONTIER ANGEL
M.V. JIN DA
M.V. ARCTIC TRADER
M.V. YONG AN 4
M.V. SEA ELEGANCE
M.V. DIMITRIS MANIOS II
M.V. BMS TOURLOTI
M.V. SMART
M.V. PACIFIC SCORPIO (NY)
M.V. SANDON (NY)
M.V. ALEXANDROS TH
M.V. TAI KANG HAI
M.V. BROTHER GLORY
M.V. FEDERAL MATANE
M.V. BMS TOURLOTI
M.V. SMART
M.V. SEA FLOURISH

10.   During any given year, WBC executives travel to New York anywhere from 4 - 6 times related to WBC business activities.

11.   In sum, WBC has at all material times considered itself subject to the personal jurisdiction of United States courts, and in particular the courts of the State of New York.

12.     Since June 22, 2005 any party seeking to obtain jurisdiction over WBC in a legal proceeding commenced in New York merely had to serve legal process on WBC's appointed registered agent. *See Exhibit "1."*

13.     Even before June 22, 2005 WBC never sought to contest jurisdiction over it in a lawsuit commenced in the State of New York, and in particular in any lawsuit commenced in this court.

14.     In sum, I can state unequivocally that on the date that this action was commenced by Plaintiff, Centauri, WBC had a presence in the State of New York (and in the Southern District of New York, which I am advised includes Manhattan) by virtue of its regular business dealings in New York, and in particular because it had previously registered to conduct business within the state, appointed a registered agent for service of process, and consented to the exercise of personal jurisdiction over it in the courts of the State of New York.

15.     Thus, to the extent that Centauri was seeking to obtain jurisdiction over WBC with regard to the claims alleged in its Verified Complaint filed on June 5, 2007 it could have easily done so by serving process on WBC's agent for service of process in Manhattan, without resorting to the attachment of WBC's property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of August, 2007 at Oslo, Norway.

Sara Gillingham Aukner