UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CENTAURI SHIPPING LIMITED,       :        07 Civ 4761 (KMK)

          Plaintiff,       :        ECF Case

   - against -          :

WESTERN BULK CARRIERS KS,    :
WESTERN BULK CARRIERS AS, and
WESTERN BULK AS,          :

          Defendants.   :
------------------------------------------------------X

**DECLARATION OF ANDREW STUART RIDINGS IN SUPPORT
OF DEFENDANTS' MOTION TO VACATE MARITIME ATTACHMENT**

# EXHIBIT ASR 1

ORDER OF MR JUSTICE MOORE-BICK DATED 20th DECEMBER 2004



## Claim Form

| In the | High Court of Justice |
|---|---|
| | Queen's Bench Division |
| | Commercial Court |
| | Royal Courts of Justice |

Claim No. 2005 folio 6

Claimant(s)

WESTERN BULK CARRIERS K.S.



Defendant(s)

NAVITRANS MARITIME INC. OF LIBERIA

Amount of money claimed (where the claimant is making a claim for money):
Debt of US$111,171.31 and damages of US$732,244.61

Name and address of Defendant receiving this claim form

Navitrans Maritime Inc.
80 Broad Street
Monrovia
Liberia

| Amount claimed | US$843,415.92 |
|---|---|
| Court fee | £ 1,780    £800.00 |
| Solicitor's costs | To be assessed |
| Total amount | US$843,415.92 + £800 £1,780 |
| Issue date | 6th January 2005 |

The court office at the Admiralty and Commercial Registry, Royal Courts of Justice, Strand, London WC2A 2LL is open between 10am and 4.30 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N1(CC) – w3 Claim form (CPR Part 7) (4.99)

1

| Claim No. | |
|---|---|

details of claim

claim is for debt and damages, plus interest, for breach of a freight futures rate agreement dated 6ᵗʰ January 2004 more gularly set out in the attached Particulars of Claim.

Does or will your claim include any issues under the Human Rights Act 1998?     Yes     No ✓

Particulars of claim attached

Statement of Truth

*(I believe)(The Claimant believes) that the facts stated in this claim form *(and the particulars of the claim attached to this claim form) are true.

*I am duly authorised by the claimant to sign this statement

Full name _Andrew Stuart Ridings_

Name of *(claimant)(litigation friend)'s solicitor's firm)('s solicitor's firm)   WATERSON HICKS

signed _____   position or office held  PARTNER

*(Claimant)(Litigation friend)('s solicitor)   (if signing on behalf of firm , company or corporation)

*delete as appropriate

**Waterson Hicks**
**130 Fenchurch Street**
**London EC3M 5LY**

Tel: +44 (0) 20 7 929 6060
Fax: +44 (0) 20 7 929 3748
e-mail: law@waterson-hicks.com

Ref: ASR/DJW/LS/1653-12

Claimant's or litigation friend's or solicitor's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N:

Claim No. 2004 Folio ---

WESTERN BULK CARRIERS K/S

**Claimants**

and

NAVITRANS MARITIME INCORPORATED

**Defendants**

Contract No. 401030474
6th January 2004

---

PARTICULARS OF CLAIM

---

## The Parties

1. The Claimants are a company domiciled and incorporated in Norway.

2. The Defendants are a company incorporated in Liberia but operate from Greece where they are registered as a foreign company pursuant to Greek law 89/67, from an address at 7 Ifigenias Street, 16671 Vouliagmeni, Athens, Greece.

## The Contract

3. By a Freight Futures Rate Agreement (also called a Forward Freight "Swap" Agreement) No.401030474 dated 6th January 2004 ("the Contract") made between the Claimants as buyers and the Defendants as sellers, the parties agreed that, at the times and in accordance with the mechanism provided for by the Contract, one party

1

3

should pay the other the difference (the Settlement Sum) between a fixed rate (the Contract rate) and a floating rate (the Settlement Rate) multiplied by a contract quantity. In brief, if the Settlement Rate was greater than the Contract Rate, the sellers were to pay the buyers the Settlement Sum; if the Settlement Rate was less than the Contract Rate the buyers were to pay the sellers the Settlement Sum.

4.    The Contract, to which the Claimants will refer as may be necessary and a copy of which is attached at **pages 1-5** of the attachments to these Particulars of Claim, provided inter alia as follows:

*4. Contract Rate ("fixed rate"):*
*USD 22400.00 per Day*

*5. Contract Quantity:*
*184 days*

*6. Contract Months:*
*July, 2004 August, 2004 September, 2004 October, 2004 November, 2004 December, 2004*

*7. Settlement Dates:*
*30 July 2004, 31 August 2004, 30 September 2004, 29 October 2004, 30 November 2004, 31 December 2004 (unless otherwise stated by the Index Provider)*

*8. Settlement Period:*
*Average of all BHMI Index day(s) of the contract month(s) up to and including the settlement date(s)*

4

*9. Settlement Rate ("floating rate"):*

*The Settlement Rate shall be the average of the rates for the Contract Route published by the BALTIC EXCHANGE over each Settlement Period. If for any reason the BALTIC EXCHANGE cannot provide any rate required for establishing the Settlement Rate, then the Forward Freight Agreement Brokers Association ("FFABA") may be instructed by either party to form a panel to establish any rate which will be binding on both parties...*

*10. Settlement Sum:*

*The Settlement Sum is the difference between the Contract Rate and the Settlement Rate multiplied by the Contract Quantity. If the Settlement Rate is greater than the Contract Rate, the Seller shall pay the Buyer the Settlement Sum. If the Settlement Rate is less than the Contract Rate, the Buyer shall pay the Seller the Settlement Sum.*

*11 Payment Procedure and Obligations:*

*a) Payment of the settlement sum is due on the [each] settlement date and must be received within (5) London banking days after the settlement date... The parties are obliged to provide each other with their respective bank remittance details, and invoice if required, to expediter payment. Payment shall be made in full in United States Dollars without any deduction or setoff unless agreed by the buyer and seller in writing. The costs incurred in effecting the payment shall be for the account of the payer. The payment may only be effected directly between the parties.*

*b) A payment is received for the purposes of clause 11(a) above when the payment has been received into the bank account designated by the payee and the payee has been notified.*

*c) ...*

*d) Where the agreement calls for more than one settlement, it is clearly understood that any default in payment of any settlement in accordance with this agreement will be a repudiatory breach of the entire agreement and the innocent party may elect to terminate this agreement (without prejudice to*

3

any claim he may have for sums due to him under this agreement, interest and costs), or may deduct any arrears then due to him from any adequate settlement due by him under this agreement.

16. Law and Jurisdiction:

This agreement shall be governed by and construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England. Proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.

## The Claim in Debt

5.    In accordance with the provisions of the Contract the sum of US$ 111,171.31 became due on the Settlement date of 30th September 2004 as the Settlement Sum for the Contract Month of September.

6.    In breach of the Contract the Defendants have failed to make payment of that Settlement Sum in the time permitted.

7.    The Claimants are therefore entitled to the sum of US$ 111,171.31 as a debt (and interest thereon). A copy of the Claimants' invoice (**page 6**) and of the Settlement Information for the Settlement Month of September is attached (**page 7**).

## The Claim for Damages

8.    Further, by reason of clause 11(d), the Defendants thereby repudiated the Contract and the Claimants were thereby entitled to terminate the Contract for such repudiatory breach.

9.    By e-mail dated 14th October 2004 the Claimants accepted the Defendants' repudiation and terminated the Contract. A copy is attached (**page 8**).

10.    By reason of the Defendants' repudiation of the Contract the Claimants have suffered loss and damage.

### Particulars

(1)    The Claimants are entitled to the Settlement Sums payable (or which would have been payable but for the Defendants' repudiation of the Contract) on each remaining Settlement Date;

(2)    The Settlement Sum for the Settlement Date of 29th October 2004 in accordance with the Contract is US$ 197,689.58;

(3)    The Settlement Sum for the Settlement Date of 30th November 2004 in accordance with the Contract is US$234,069.03;

(4)    As regards the Settlement Date of 31st December 2004, the Settlement Sum due thereon will be a matter of fact evidence when the date arrives or of expert evidence if the Court is asked to make an award of damages prior to the arrival of the date. At present, the Claimants contend for and claim the sum of US$ 300,486.00 in respect of that Settlement Date;

(5)    The Claimants therefore claim US$ 732,244.61 as damages.

### Currency

11.    The Claimants claim in US Dollars as the currency of account under the Contract

5

7

and as the usual currency in which the Claimants deal and do business. As a guide, the current rate of exchange between Sterling and the US Dollar (according to the IMF website) is [1: 1.88].

### The Claim for Interest

12.  Pursuant to section 35A of the Supreme Court Act 1981, the Claimants is further entitled to and claims interest on the sum found due to the Claimants at such compound rate with such rests and for such period as the Court thinks proper. The Claimants contend that a proper rate is 1% over LIBOR with quarterly rests and that interest should run from the Settlement Date in respect of the sum due as each Settlement Sum.

AND the Claimants claim:

(1)    US$ 111, 171.31 as a debt;

(2)    US$ 732,244.61 as damages

(3)    Interest pursuant to s. 35A Supreme Court Act 1981.

(4)    Costs

### STATEMENT OF TRUTH

The Claimants believe the facts stated in these Particulars of Claim are true.

Signed    ....................................................

Waterson Hicks – Solicitors for the Claimants

6

SSY Futures Ltd, Lloyds Chambers,
Portsoken Street, London E1 8PH
Tel: +44 207 977 7500 Fax: +44 207 488 1925
e-mail: futures@ssy.co.uk  www.ssyonline.com
Regulated by the Financial Services Authority



Page No: 1

# SSY
SIMPSON SPENCE & YOUNG
F U T U R E S

## FORWARD FREIGHT AGREEMENT BROKERS ASSOCIATION ('FFABA')
### FORWARD FREIGHT 'SWAP' AGREEMENT
### TIME CHARTER CONTRACT

Printed
16/01/2004
14:15:38

File Ref                 401030474
Contract Date         06 January 2004
1. The Seller

NAVITRANS MARITIME INC, ATHENS

7 Ifigenias Street, 16671 Vouliagmeni, Athens, Greece
Contact: Nikolas Nikolaou - navitrans@ath.forthnet.gr

and

2. The Buyer

WESTERN BULK CARRIERS K/S

Karenslyst Alle 8B, P.O. Box 78, Skoyen, N.0212 Oslo, Norway
Contact: Geir Ringdal - Western Bulk - geir.ringdal@westernbulk.no

The above addresses [or fax number etc.] are herewith recognised as the correct addresses [or fax number etc.] to
which any notification under this agreement is properly served.

on the following terms and conditions.

### 3. Contract Route:
As per Average of BHMI Routes 1a, 1b, 2, 3, 4a, 4b as defined on the Contract Date including any relevant official
forthcoming amendments published at the Contract Date which will become effective prior to the settlement of this
Agreement.

### 4. Contract Rate ('fixed rate'):
USD 22400.00 per Day

### 5. Contract Quantity:
184 Days

**6. Contract Months:**
July, 2004 August, 2004 September, 2004 October, 2004 November, 2004 December, 2004

**7. Settlement Dates:**
30 July 2004, 31 August 2004, 30 September 2004, 29 October 2004, 30 November 2004, 31 December 2004 (unless otherwise stated by the Index Provider)

**8. Settlement Period:**
Average of All BHMI index days of the contract month(s) upto and including the settlement date(s).

**9. Settlement Rate ('floating rate'):**
The Settlement Rate shall be the average of the rates for the Contract Route published by the BALTIC EXCHANGE over each Settlement Period. If for any reason the BALTIC EXCHANGE cannot provide any rate required for establishing the Settlement Rate, then the Forward Freight Agreement Brokers Association ("FFABA") may be instructed by either party to form a panel to establish any rate which will be binding on both parties. In this event, the parties hereto agree to indemnify and hold harmless this panel, the BALTIC EXCHANGE , the FFABA and their members against all actions, claims, demands, liabilities, damages, costs and expenses consequential to the panellists' decision.

**10. Settlement Sum:**
The Settlement Sum is the difference between the Contract Rate and the Settlement Rate multiplied by the Contract Quantity. If the Settlement Rate is greater than the Contract Rate, the Seller shall pay the Buyer the Settlement Sum. If the Settlement Rate is less than the Contract Rate, the Buyer shall pay the Seller the Settlement Sum.

**11. Payment Procedure and Obligations:**
a ) Payment of the settlement sum is due on the [each] settlement date and must be received within (5) London banking days after the settlement date. The parties are obliged to provide each other with their respective bank remittance details, and invoice if requested, in order to facilitate timely payment. Payment shall be made telegraphically in full in United States Dollars without any deduction or set off unless agreed by the buyer and seller in writing. The costs incurred in effecting the payment shall be for the account of the payer. The payment may only be effected directly between the parties.

b) A payment is "received" for the purposes of clause 11(a) above when the settlement sum has been received into the bank account designated by the payee and the payee has been notified.

c) If receipt of payment is delayed beyond the five day period referred to in clause 11(a) above solely as a result of rical and/or bank error then the payee shall give the payer written notice forthwith upon discovery of the error granting the payer three clear banking days to rectify the error. If payment has not been received within the three clear banking day period, the payor shall be in default and payee may take enforcement action.

d) Where the agreement calls for more than one settlement, it is clearly understood that any default in payment of any settlement in accordance with this agreement will be a repudiatory breach of the entire agreement and the innocent party may elect to terminate this agreement (without prejudice to any claim he may have for sums due to him under this agreement, interests and costs), or may deduct any arrears then due to him from any adequate subsequent settlement due by him under this agreement.

**12. Capacity and Good Standing:**
Each party warrants (which warranty will be continuing) that:
a) It is duly incorporated and validly exists under the laws of its domicile and is solvent and in good standing;

b) It has the power to execute, deliver and perform this Agreement;

c) All governmental and other consents that are required to have been obtained by it with respect to this Agreement have been obtained and are in full force and effect and all conditions of any such consents have been complied with.

d)   In the event that either party to this Agreement is a person domiciled in the United States, or a corporation incorporated in the United States [or a body [[corporation]] with its principal place of business in the United States], that party represents to the other party that it is an 'eligible swap participant' as defined by the United States Commodities Futures Trading Commission in C.F.R. ,paragraph 35-1 (b) (2) or similar regulations as may be applicable.

## 13. Commission:

Each of the parties agrees to pay brokers' commission as agreed within five days of the payment of the Settlement Sum against invoice.

## 14. Non-Assignability:

This Agreement is non-assignable unless otherwise agreed in writing between the Buyer and the Seller.

## 15. Principle to Principle:

This is a principal to principal contract with settlement directly between the two parties and both parties agree that SSY Futures as broker only shall be under no obligation or liability in relation to this agreement. Both parties agree jointly and severally to indemnify and hold harmless SSY Futures against all actions, including but not limited to all claims, demands, liabilities, damages, costs and expenses both from the two parties and any third party. Claims, demands, liabilities, damages, costs and expenses suffered or incurred are to be settled directly by or between the two parties.

## 16. Law and Jurisdiction:

This Agreement shall be governed by and construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England. Proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.

## 17. Entire Agreement:

This Agreement constitutes the entire understanding and agreement between the parties and there are no representations, understandings or agreement, oral or written, which are not included herewith.

11

Signed for the Buyer by
[printed name]

GEIR RINGDAL

Duly authorised signatory

Date .....................

[Company Seal or Stamp]

Signed for the Seller by
[printed name]

Duly authorised signatory

Date .....................

[Company Seal or Stamp]

Western Bulk Carriers KS

12

COUNTERPARTIES: In order to speed up payment mechanisms at the time of contract settlement, please could you provide below the banking details you would wish to use for payment receipt purposes.

Page No: 5

Payment Account Information for: WESTERN BULK CARRIERS K/S
Bank Address:



Swift Address:
Account No:
Sort Code:
Beneficiary:


Payment Account Information for: NAVITRANS MARITIME INC, ATHENS
Banque National De Paris
77 Rue Vasileos Georgiou, 16674 Glyfada
In favour of Navitrans Maritime INC
A/C no: 0203/101690420
Ift code: BNPAGRAA
U.S Corresponding Bank: Banque National De Paris Of New York

13

Navitrans Maritime INC
Att: Nikolas Nikolaou

Oslo October 1, 2004

# DEBIT NOTE SEPTEMBER/008

Ref:                    FFA September 2004-Western Bulk/Navitrans

| Contract rate: | USD | 22,400.00 | | |
| Settlement rate: | USD | 26,105.71 | | |
| Difference: | USD | 3,705.71 | 30 Days | |
| Total due to: | **Western Bulk Carriers KS, Oslo** | | **USD** | **111,171.31** |

Payment to

| Bank | Nordea Bank Norge ASA |
|---|---|
| | Oslo |
| | Norway |
| Swift code | NDEANOKK |
| Account | NO9860060443532 |
| In favour of | Western Bulk Carriers KS, Oslo |
| Reference | Settlement September - Western Bulk/Navitrans |

PLEASE USE OUR FULL ACCOUNT NUMBER IN YOUR REMITTANCE:          NO9860060443532

Yours faithfully

Western Bulk Carriers KS

14

SSY Futures Ltd, Lloyds Chambers,
1 Portsoken Street, London E1 8PH
Tel: +44 207 977 7500 Fax: +44 207 488 1925
e-mail: futures@ssy.co.uk  www.ssyfutures.com
Regulated by the Financial Services Authority



SIMPSON SPENCE & YOUNG
F U T U R E S

# SETTLEMENT INFORMATION

| | |
|---|---|
| Buyer | WESTERN BULK CARRIERS K/S, OSLO |
| Seller | NAVITRANS MARITIME INC, ATHENS |

**Forward Freight Rate Agreement  401030474  dated 06 January 2004**

| | | |
|---|---|---|
| Freight Route | Average of BHMI Routes 1a, 1b, 2, 3, 4a, 4b | |
| Quantity | Days | 30 |
| Contract Rate | 22,400.00  per Day | |
| Settlement Month | September 2004 | |
| Settlement Price | 26,105.7102 | |

In accordance with agreement, Western Bulk is due to be paid USD 111171.31 by Navitrans . This sum being the difference between the contract price and the settlement price multiplied by contract quantity. A formal invoice should follow from Western Bulk without delay and Navitrans should ensure that settlement funds reach their counterparty by 07 October 2004

Please note that under the terms of the contract, when making the settlement payment, all bank charges are for the account of the payer.

In accordance with the terms of agreement each party is due to pay SSY Futures Ltd commission as agreed. Our formal invoice to follow.

16

yel J. White

ject:                FW: URGENT-NAVITRANS

ortance:             High


---Original Message-----
m: Geir A Ringdal <Geir.Ringdal@westernbulk.com>
: futures@ssy.co.uk <futures@ssy.co.uk>
at: Thu Oct 14 14:15:13 2004
ject: URGENT-NAVITRANS

/Geir

s pass to Navitrans direct:

e
NAVITRANS:

C/NAVITRANS - 2004 FFA

refer to your message dated 11th October 2004 and Navitrans's failure
pay settlement due on the September settlement date.

latest date for payment has passed. Clause 11(d) of the FFA provides
hat "any default in payment of any settlement ... will be a repudiatory
reach of the entire Agreement and the innocent party may elect to
erminate the entire Agreement .."

BC are accordingly entitled to and do hereby accept Navitrans's
epudiatory breach of the 2004 FFA and terminate the contract in
ccordance with Clause 11(d).   WBC will accordingly seek damages for
this repudiatory breach in the sum of the amounts payable on the
settlement dates for the unexpired portion of the contract, as well as
payment of the outstanding sum for September as a debt.

In addition, although your message refers to a temporary suspension, it
seems obvious to us that Navitrans will not be able to perform the
contract they have with WBC for next year either. We say this not merely
because of the failure to pay sums presently due, and the appointment,
without warning, of lawyers to deal with matters on your behalf, but
because of the legal action and the numerous claims presently being
brought against Navitrans in the total sum, as we understand, of more
than

US$40,000,000.

We must now consider our position with regard to the contract for 2005.
We accordingly reserve all our rights, including the right to take steps
to protect our position without further notice.

Regards

Western Bulk

unqte


This email and the information it contains is private and confidential
and is intended for the addressee only. Unauthorised use, disclosure,
copying or distribution of this e-mail is prohibited and may be
unlawful.  If you are not the intended recipient,  please notify the
sender immediately.
All our email is scanned by the MessageLabs Email Security System.

IN THE HIGH COURT OF JUSTICE

Claim No. 2004 Folio ---

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N:

WESTERN BULK CARRIERS K/S

Claima

and

NAVITRANS MARITIME INCORPORATE

Defendaı



Contract No. 401030474
6th January 2004

PARTICULARS OF CLAIM

Waterson Hicks

130 Fenchurch Street

London EC3M 5LY

Ref: ASR/DJW/LS/1653-12

Telephone: + 44 (0)20 7929 6060
Fax: +44 (0)20 7929 3748
Email: law@waterson-hicks.com

Solicitors for the Claimants

17

ANNEX 1 TO THE ORDER OF MR JUSTICE MOORE-BICK DATED 14 FEBRUARY 2005



**Claim Form**

| In the | High Court of Justice |
|---|---|
| | Queen's Bench Division |
| | Commercial Court |
| | Royal Courts of Justice  115 |
| Claim No. | 2005 FOLIO |

Claimant(s)

WESTERN BULK CARRIERS K.S.

 

Defendant(s)

NAVITRANS MARITIME INC. OF LIBERIA

Amount of money claimed (where the claimant is making a claim for money):
Debt of US$504,881.31 and damages of US$4,682,750.00

Name and address of Defendant receiving this claim form

Navitrans Maritime Inc.
80 Broad Street
Monrovia
Liberia

| Amount claimed | US$5,187,631.31 |
|---|---|
| Court fee | £1,700 |
| Solicitor's costs | To be assessed |
| Total amount | US$5,187,631.31 + £1,700 |
| Issue date | 15 February 2005 |

The court office at the Admiralty and Commercial Registry, Royal Courts of Justice, Strand, London WC2A 2LL is open between 10am and 4.30 pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N1(CC) – w3 Claim form (CPR Part 7) (4.99)

| Claim No. | 2005 FOLIO |
|---|---|

Brief details of claim

The claim is for debt and damages, plus interest, for breach of a freight futures rate agreement dated 24th June 2004 more particularly set out in the attached Particulars of Claim.

Does or will your claim include any issues under the Human Rights Act 1998    Yes    No ✓

Particulars of claim attached

Statement of Truth

*(I believe)(The Claimant believes) that the facts stated in this claim form *(and the particulars of the claim attached to this claim form) are true.

*I am duly authorised by the claimant to sign this statement

Full name    ANDREW L. RIDINGS

Name of  *(claimant)(litigation friend)'s solicitor's firm)('s solicitor's firm)

signed _____    position or office held    PARTNER

*(Claimant)(Litigation friend)('s solicitor)    (if signing on behalf of firm , company or corporation)

*delete as appropriate

Waterson Hicks
130 Fenchurch Street
London EC3M 5LY

Tel: +44 (0) 20 7 929 6060
Fax: +44 (0) 20 7 929 3748
e-mail: law@waterson-hicks.com

Ref: ASR/DJW/LS/1653-12

Claimant's or litigation friend's or solicitor's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

19

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N:

Claim No. 2005 Folio ---

## WESTERN BULK CARRIERS K/S

Claimants

and

## NAVITRANS MARITIME INCORPORATED

Defendants

Contract No. 007463
24th June 2004

---

## PARTICULARS OF CLAIM

---

### The Parties

1.    The Claimants are a company domiciled and incorporated in Norway.

2.    The Defendants are a company incorporated in Liberia but operate from Greece where they are registered as a foreign company pursuant to Greek law 89/67, with a registered address at 7 Ifigenias Street, 16671 Vouliagmeni, Athens, Greece but actually operating from offices at 20 Agiou Ioannou Street (1st Floor), Voula, Attiki, Athens, Greece.

### The Contract

3.    By a Freight Futures Rate Agreement (also called a Forward Freight "Swap"

1

Agreement) No. 007463  dated 24th June 2004 ("the Contract") made between the Claimants as buyers and the Defendants as sellers, the parties agreed that, at the times and in accordance with the mechanism provided for by the Contract, one party should pay the other the difference (the Settlement Sum) between a fixed rate (the Contract rate) and a floating rate (the Settlement Rate) multiplied by a contract quantity. In brief, if the Settlement Rate was greater than the Contract Rate, the sellers were to pay the buyers the Settlement Sum; if the Settlement Rate was less than the Contract Rate the buyers were to pay the sellers the Settlement Sum.

4.    The Contract, to which the Claimants will refer as may be necessary and a copy of which is attached at **pages 1-5** of the attachments to these Particulars of Claim, provided inter alia as follows:

*4. Contract Rate ("fixed rate"):*
*USD 11500.00 per Day*

*5. Contract Quantity:*
*365 days*

*6. Contract Months:*
*January 2005, February 2005, March 2005, April 2005, May 2005, June 2005, July, 2005 August, 2005 September, 2005 October, 2005 November, 2005 December, 2005*

*7. Contract Period*
*January 2005, February 2005, March 2005, April 2005, May 2005, June 2005, July, 2005 August, 2005 September, 2005 October, 2005 November, 2005 December, 2005*

2

21

**8. Settlement Dates:**

The last Baltic Exchange Index publication day of each contract month.

**9. Settlement Rate ("floating rate"):**

The Settlement Rate shall be the average of the rates for the Contract Route published by the Baltic Exchange over the Settlement Period defined as All Index publication days of the cont[r]act month up to and including each Settlement Date. If for any reason the Baltic Exchange cannot provide any rate required for establishing the Settlement Rate, then the Forward Freight Agreement Brokers Association ("FFABA") may be instructed by either party to form a panel to establish any rate which will be binding on both parties...

**10. Settlement Sum:**

The Settlement Sum is the difference between the Contract Rate and the Settlement Rate multiplied by the Contract Quantity. If the Settlement Rate is greater than the Contract Rate, the Seller shall pay the Buyer the Settlement Sum. If the Settlement Rate is less than the Contract Rate, the Buyer shall pay the Seller the Settlement Sum.

**11. Payment Procedure and Obligations:**

a) Payment of the settlement sum is due on each settlement date and must be received within five (5) London banking days after the settlement date. The parties are obliged to provide each other with their respective bank remittance details, and invoice if requested, in order to facilitate timely payment. Payment shall be mad telegraphically in full in United States dollars without any deduction or setoff unless agreed by the buyer and seller in writing. The costs incurred in effecting the payment shall be for the account of the payer. The payment may only be effected directly between the parties.

b) A payment is" received" for the purposes of clause 11(a) when the settlement sum has been received into the bank account designated by the

*payee and the payee has been notified.*

*c) ...*

*d) Where the agreement calls for more than one settlement, it is clearly understood that any default in payment of any settlement in accordance with this agreement will be a repudiatory breach of the entire agreement and the innocent party may elect to terminate this agreement (without prejudice to any claim he may have for sums due to him under this agreement, interest and costs), or may deduct any arrears then due to him from any adequate settlement due by him under this agreement.*

*16. Law and Jurisdiction:*

*This Agreement shall be governed by and construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England. Proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.*

## The Claim in Debt

5.    In accordance with the provisions of the Contract the sum of US$ 504,881.31 became due on the Settlement date of 31st January 2005 as the Settlement Sum for the Contract Month of January.

6.    In breach of the Contract the Defendants have failed to make payment of that Settlement Sum in the time permitted.

7.    The Claimants are therefore entitled to the sum of US$ 504,881.31 as a debt (and interest thereon). A copy of the Claimants' invoice (**page 6**).

**The Claim for Damages**

8.    Further, by reason of clause 11(d), the Defendants thereby repudiated the Contract and the Claimants were thereby entitled to terminate the Contract for such repudiatory breach.

9.    By e-mail dated 10 January 2005 the Claimants accepted the Defendants' repudiation and terminated the Contract. A copy is attached (**page 7**).

10.    By reason of the Defendants' repudiation of the Contract the Claimants have suffered loss and damage.

**Particulars**

(1)    In relation to the Settlement Dates between February and December 2005, the Settlement Sums due at the end of each of those months will be a matter of fact evidence when the date arrives or of expert evidence if the Court is asked to make an award of damages prior to the arrival of the date. At present, the Claimants contend that the following sums will be due:

    (a) February 2005:    US$462,000

    (b) March 2005:    US$511,500

    (c) April 2005:    US$502,500

    (d) May 2005:    US$519,250

    (e) June 2005:    US$502,500

    (f) July 2005:    US$368,125

(g) August 2005:          US$368,125

(h) September 2005:    US$356,250

(i)  October 2005:        US$368,125

(j)  November 2005:     US$356,250

(k) December 2005:     US$368,125

Total:                         US$4,682,750

(2)      The Claimants therefore claim US$4,682,750 as damages.

## Currency

11.      The Claimants claim in US Dollars as the currency of account under the Contract and as the usual currency in which the Claimants deal and do business. As a guide, the current rate of exchange between Sterling and the US Dollar (according to the IMF website) is 1: 1.89.

## The Claim for Interest

12.      Pursuant to section 35A of the Supreme Court Act 1981, the Claimants are further entitled to and claim interest on the sum found due to the Claimants at such compound rate with such rests and for such period as the Court thinks proper. The Claimants contend that a proper rate is 1% over LIBOR with quarterly rests and that interest should run from the Settlement Date in respect of the sum due as each Settlement Sum.

AND the Claimants claim:

(1)      US$504,881.31 as a debt;