EXHIBIT ASR 1, PART II



**FIS**

FFABA 2000 (TM) 2 October 2000

### FORWARD FREIGHT AGREEMENT BROKERS ASSOCIATION ('FFABA')
### FORWARD FREIGHT 'SWAP' AGREEMENT

| | |
|---|---|
| Trade Ref | 007463 |
| Contract Date | 24 June 2004 |

This Forward Freight 'Swap' Agreement is made on the 24 June 2004 in London between:

**1. The Buyer**

**WESTERN BULK CARRIERS K/S, OSLO**

Karenslyst alle 8 B
P. O. Box 638 Skoyen
N-0214 Oslo
Contact: Geir Ringdal


and


**2. The Seller**

**NAVITRANS MARITIME INC., ATHENS**

7 Ifigenias Str.
166 71 Vouliagmeni
Athens
Greece

Contact: Nikos Nikolaou


The above addresses are herewith recognised as correct and to which any notification under this agreement is properly served.

on the following terms and conditions.

Trade Ref    007463



**FREIGHT INVESTOR SERVICES LIMITED**
Registered Office: Suite 4, 71-75 High Street, Chislehurst, Kent BR7 5AG – Registered in England No 4243444
Tel +44(0)20 8467 3111  Fax +44(0)20 8467 6699 - info@freightinvestor.com  www.freightinvestor.com

26



**3. Contract Route:**

BHMITC, Baltic Handymax Index Weighted TC Average of the Baltic Handymax Index as defined on the Contract Date including any relevant official forthcoming amendments published at the Contract Date which will become effective prior to the settlement of this Agreement.

**4. Contract Rate ('fixed rate'):**

USD 11500.00 per Day

**5. Contract Quantity:**

365 Days

**6. Contract Months:**

January 2005, February 2005, March 2005, April 2005, May 2005, June 2005, July 2005, August 2005, September 2005, October 2005, November 2005, December 2005

**7. Contract Period:**

January 2005, February 2005, March 2005, April 2005, May 2005, June 2005, July 2005, August 2005, September 2005, October 2005, November 2005, December 2005

**8. Settlement Dates:**

The last Baltic Exchange Index publication day of each contract month.

**9. Settlement Rate ('floating rate'):**

The Settlement Rate shall be the average of the rates for the Contract Route published by the Baltic Exchange over the Settlement Period defined as All Index publication days of the contact month up to and including each Settlement Date. If for any reason the Baltic Exchange cannot provide any rate required for establishing the Settlement Rate, then the Forward Freight Agreement Brokers Association ("FFABA") may be instructed by either party to form a panel to establish any rate which will be binding on both parties.  In this event, the parties hereto agree to indemnify and hold harmless this panel, the Baltic Exchange , the FFABA and their members against all actions, claims, demands, liabilities, damages, costs and expenses consequential to the panellists' decision.

**10. Settlement Sum:**

The Settlement Sum is the difference between the Contract Rate and the Settlement Rate multiplied by the Contract Quantity.  If the Settlement Rate is greater than the Contract Rate, the Seller shall pay the Buyer the Settlement Sum.  If the Settlement Rate is less than the Contract Rate, the Buyer shall pay the Seller the Settlement Sum.

Trade Ref     007463



**FREIGHT INVESTOR SERVICES LIMITED**
Registered Office: Suite 4, 71-75 High Street, Chislehurst, Kent BR7 5AG - Registered in England No 4243444
Tel +44(0)20 8467 3111  Fax +44(0)20 8467 6699 - info@freightinvestor.com  www.freightinvestor.com

**11. Payment Procedure and Obligations:**

a) Payment of the settlement sum is due on each settlement date and must be received within five (5) London banking days after the settlement date. The parties are obliged to provide each other with their respective bank remittance details, and invoice if requested, in order to facilitate timely payment. Payment shall be made telegraphically in full in United States dollars without any deduction or set off unless agreed by the buyer and the seller in writing. The costs incurred in effecting the payment shall be for the account of the payer. The payment may only be effected directly between the parties.

b) A payment is "received" for the purposes of clause 11(a) when the settlement sum has been received into the bank account designated by the payee and the payee has been notified.

c) If receipt of payment is delayed beyond the five day period referred to in clause 11(a) above solely as a result of clerical and/or bank error then the payee shall give the payer written notice forthwith upon discovery of the of the error granting the payer three clear banking days to rectify the error. If payment has not been received within the three clear banking day period, the payor shall be in default and payee may take enforcement action.

d) Where the agreement calls for more than one settlement, it is clearly understood that any default in payment of any settlement in accordance with this agreement will be a repudiatory breach of the entire agreement and the innocent party may elect to terminate this agreement (without prejudice to any claim he may have for sums due to him under this agreement, interests and costs), or may deduct any arrears then due to him from any adequate subsequent settlement due by him under this agreement.

**12. Capacity and Good Standing:**

Each party warrants (which warranty will be continuing) that:
a)  It is duly incorporated and validly exists under the laws of its domicile and is solvent and in goodstanding;
b)  It has the power to execute, deliver and perform this Agreement;
c)  All governmental and other consents that are required to have been obtained by it with respect to this Agreement have been obtained and are in full force and effect and all conditions of any such consents have been complied with.
d)  In the event that either party to this Agreement is a person domiciled in the United States, or a corporation incorporated in the United States, that party represents to the other party that it is an 'eligible swap participant' as defined by the United States Commodities Futures Trading Commission in C.F.R. , paragraph 35-1 (b) (2) or similar regulations as may be applicable.

**13. Commission:**

Each of the parties agrees to pay brokers' commission to FIS Ltd as agreed within five days of the payment of the Settlement Sum against invoice.

**14. Non-Assignability:**

This Agreement is non-assignable unless otherwise agreed in writing between the Buyer and the Seller.

Trade Ref    007463


**FREIGHT INVESTOR SERVICES LIMITED**
Registered Office: Suite 4, 71-75 High Street, Chislehurst, Kent BR7 5AG - Registered in England No 4243444
Tel +44(0)20 8467 3111  Fax +44(0)20 8467 6699 - info@freightinvestor.com  www.freightinvestor.com

28

**15. Principle to Principle:**

This is a principal to principal contract with settlement directly between the two parties and both parties agree that Freight Investor Services Limited as broker only shall be under no obligation or liability in relation to this agreement. Both parties agree jointly and severally to indemnify and hold harmless Freight Investor Services Limited against all actions, including but not limited to all claims, demands, liabilities, damages, costs and expenses both from the two parties and any third party. Claims, demands, liabilities, damages, costs and expenses suffered or incurred are to be settled directly by or between the two parties.

**16. Law and Jurisdiction:**

This Agreement shall be governed by and construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England. Proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.

**17. Entire Agreement:**

This Agreement constitutes the entire understanding and agreement between the parties and there are no representations, understandings or agreement, oral or written, which are not included herewith.

Trade Ref    007463



**FREIGHT INVESTOR SERVICES LIMITED**
Registered Office: Suite 4, 71-75 High Street, Chislehurst, Kent BR7 5AG - Registered in England No 4243444
Tel +44(0)20 8467 3111  Fax +44(0)20 8467 6699 - info@freightinvestor.com  www.freightinvestor.com

Signed for the Buyer by
by ...............................

[printed name]

GEIR RINGDAL

Duly authorised signatory
...................................

[Company Seal or Stamp]

Western Bulk Carriers KS

Trade Ref    007463
© Copyright The Baltic Exchange 2000

Signed for the Seller by
by ...............................

[printed name]

Duly authorised signatory
...................................

[Company Seal or Stamp]

Trade Ref    007463



FREIGHT INVESTOR SERVICES LIMITED
Registered Office: Suite 4, 71-75 High Street, Chislehurst, Kent BR7 5AG - Registered in England No 4243444
Tel +44(0)20 8467 3111  Fax +44(0)20 8467 6699 - info@freightinvestor.com  www.freightinvestor.com

30



Navitrans Maritime INC
17, 719DWT, 1978, BW
7 Ifigenias Street
16671 Vouliagmeni
Athens
Greece
Att: Mr. Giorgio Martini

Western Bulk Carriers KS
Karenslyst allé 8 B
P.O. Box 78 Skøyen
N-0212 Oslo, Norway

Tel: +47 2313 3400
Fax: +47 2313 3491
E-mail: post@westernbulk.com
Telex: 72138 WBULK N
www.westernbulk.com

The Register of Business Enterprise:
NO 935 298 660

# INVOICE

Invoice date 01/02/2005

Terms of payment

5 Banking days

Due date

07/02/2005

FFA Invoice no. 32-01

FFA Settlement January 2005

| | | | | | |
|---|---|---|---|---|---|
| Contract Price | 31 | 11.500,- | = | USD | 356.500,- |
| Settlement Rate | 31 | 37.786,4938 | = | " | 861.381,31 |
| **Total** | | | = | **USD** | **504.881,31** |

Remit to:

Nordea Bank Norge ASA
Oslo, Norway
SWIFT: NDEANOKK
Account: NO98 6006 0443 532
In favour of: Western Bulk Carriers KS
              Oslo, Norway

31

VERY URGENT-NAVITRANS

**Danyel J. White**

Subject:   URGENT - NAVITRANS
Importance: High

**From:** John Arild Raaen [mailto:John.Arild.Raaen@westernbulk.com]
**Sent:** 11 February 2005 11:17
**To:** info@freightinvestor.com; navitrans@ath.forthnet.gr
**Subject:** URGENT - NAVITRANS
**Importance:** High

To:   Navitrans

From:  WBC

We refer to our message dated 7 February, 2005 giving you 3 clear banking days to rectify your failure to make payment under the Freight Futures Agreement dated 24th June 2004 between Navitrans and WBC. We have not received payment by the required date (Thursday, 10 February 2005).

Clause 11(d) of the Agreement provides that *"any default in payment of any settlement ... will be a repudiatory breach of the entire agreement and the innocent party may elect to terminate the entire agreement ..."*

WBC are accordingly entitled to and do hereby accept Navitrans' repudiatory breach of the 2005 Agreement and terminate the Agreement. WBC will accordingly seek damages for this repudiatory breach in the sum of the amounts payable on the settlement dates for the unexpired portion of the Agreement, as well as payment of the outstanding sum for January 2005 as a debt.

We reserve all our rights whatsoever, including the right to take steps to protect our position without further notice.

Regards

Western Bulk Carriers K/S

This email and the information it contains is private and confidential and is intended for the addressee only. Unauthorised use, disclosure, copying or distribution of this e-mail is prohibited and may be unlawful. If you are not the intended recipient, please notify the sender immediately.
All our email is scanned by the MessageLabs Email Security System.

32

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>Claim No. 2005 Folio ---</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

B E T W E E N:

WESTERN BULK CARRIERS K/S

<u>Claiman</u>

and

NAVITRANS MARITIME INCORPORATED

<u>Defendar</u>

Contract No. 007463
24th June 2004

---

PARTICULARS OF CLAIM

---

Waterson Hicks

130 Fenchurch Street

London EC3M 5LY

Ref: ASR/DJW/LS/1653-12

Telephone: + 44 (0)20 7929 6060
Fax: +44 (0)20 7929 3748
Email: law@waterson-hicks.com

<u>Solicitors for the Claimants</u>

33

THE HIGH COURT OF JUSTICE                                              2005 FOLIO 6

UEEN'S BENCH DIVISION

OMMERCIAL COURT

E T W E E N :



WESTERN BULK CARRIERS K/S
of Norway

Claimant

– v –

NAVITRANS MARITIME INC.
of Liberia

Defendant

## JUDGEMENT

PON the Defendant failing to file an Acknowledgement of Service

ND UPON the time for doing so having passed

IS ADJUDGED THAT :

I CERTIFY THIS TO BE A TRUE
COPY OF THE ORIGINAL

SIGNED :

1. The Defendant pay to the Claimant the amount of US$843,415.92 plus the costs on issue of the Claim Form of £1,700.

34

D DIW 020005-Judgment

2.  The Defendant pay the Claimant interest on the amount of US$843,415.92 in an amount to be decided by the Court.

3.  The Defendant pay the Claimant's costs in an amount to be decided by the Court.

ATED this 9th day of February 2005

Waterson Hicks, 130 Fenchurch Street, London EC3M 5LY  Tel: 020 7929 6060 – Fax: 020 7929 3748.
e-mail: law@waterson-hicks.com.  Ref: ASR/DJW/1216-12. Solicitors for the Claimant.

*Waterson Hicks*

35

D.DJW 020905 Judgment

<u>2005 FOLIO 6</u>

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

B E T W E E N:

**WESTERN BULK CARRIERS K/S**
of Norway

<u>Claimant</u>

– v –

**NAVITRANS MARITIME INC**
of Liberia

<u>Defendant</u>

## JUDGEMENT

Waterson Hicks
130 Fenchurch Street
London   EC3M 5LY

Tel      :      + 44 207 929 6060
Fax      :      +44 207 929 3748
E-mail :      law@waterson-hicks.com

Ref      :      ASR/DJW/LS/1653-12

36

<u>2005 FOLIO 115</u>

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

**B E T W E E N:**



**WESTERN BULK CARRIERS K/S**
of Norway

<u>Claimant</u>

– v –

**NAVITRANS MARITIME INC.**
of Liberia

<u>Defendant</u>

---

**JUDGEMENT**

---

UPON the Defendant failing to file an Acknowledgement of Service

AND UPON the time for doing so having passed

IT IS ADJUDGED THAT :

1.  The Defendant pay to the Claimant the amount of US$5,187,631.31 plus the costs on issue of the Claim Form of £1,700.

D DJW 020905 Judgment 05

2. The Defendant pay the Claimant interest on the amount of US$5,187,631.31 in an amount to be decided by the Court.

3. The Defendant pay the Claimant's costs in an amount to be decided by the Court.

DATED this 15ᵗʰ day of March 2005

Waterson Hicks, 130 Fenchurch Street, London EC3M 5LY  Tel: 020 7929 6060 – Fax: 020 7929 3748.
E-mail: law@waterson-hicks.com.  Ref: ASR/DJW/1216-12. Solicitors for the Claimant.

38

D DJW 020905 Judgment 05

<u>2005 FOLIO 115</u>

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

B E T W E E N:

### WESTERN BULK CARRIERS K/S
of Norway

<u>Claimant</u>

– v –

### NAVITRANS MARITIME INC
of Liberia

<u>Defendant</u>

## JUDGEMENT

Waterson Hicks
130 Fenchurch Street
London   EC3M 5LY

Tel     :     + 44 207 929 6060
Fax     :     +44 207 929 3748
E-mail :     law@waterson-hicks.com

Ref     :     ASR/DJW/LS/1653-12

39

YOUR HOUNOR
JUDGE OF THE MARITIME CHAMBER
OF PROVINCIAL COURT OF LUANDA
LUANDA

"WBC" – Western Bulk Carriers K/S, with main office at Oslo, Noroway, under the Artº 402 and followings of the Processual Civil Code, comes to bring:-

A Proceeding Caution of Arrest

Of the vessel Centauri, with registration nº 286 of the Port of Lavalleta, property and under management of Navitrans Maritime Inc, with office at 7 Ifigenias Street, 16671 at Vouliagmeni, Athens, Greece, with following groundings:-

Iº

Between both Claimant and Defendant, it was agreed by two contracts of Freight Future Agreement, denominated "FFA's", as per document 1.

IIº

The FFA's, are celebrated as a means to prevent against significant flutuations on the freight rates during the period under agreements

IIIº

The referred Agreements were made to protect the Claimant "WBC", against eventual freight flutuations in relation of the freights previously agreed .

IVº

Under the both FFA's  it was agreed with the Claimant a fixed rate of US$ 22.400,00 for the year 2004 and US$ 11.500,00 for the year 2205.

Vº

The rate referred to the year 2004, had a valid period from July to December and for the year 2005, from January till December.

40

## VI°

On the end of each month, the agreed rate is compared do the average market rate ( which is produced by the BALTIC EXCHANGE ) and when the average rate is higher then the agreed rate, the difference has to be paid by Navitrans, the Defendant do the "WBC", the Claimant.

## VII°

Therefore, the Defendant have paid only the months of July and August of the year 2004, failing to pay in meantime, the amounts corresponding to the rates of September, October, November and December of the year 2004.

## VIII°

The referred rates and as may be seen in the debit notes attached to this proceeding, they correspond to the following amounts. ( see docs 2 to 5 ):

| US$ | 111.171,00 | Corresponding to September |
| US$ | 197.689,58 | Corresponding to October |
| US$ | 234.069,03 | Corresponding to November |
| US$ | 315.744,47 | Corresponding to December |

## IX°

The Credit of the Claimant from de Defendant is estimated at US$ 858.674,08, which has to be add the concerning interests.

## X°

Moroever and under clause 11° d) of the Freight Future Agreement, the Claimant "WBC", is also entitle to indeminization for loss and damages, as a default of the Agreement.

## XI°

With the intended Arrest, only desire the payment related do the year 2004.

## XII°

So that has the Claimant the right to demand to the Defendant and other responsible parts, the above sum.

## XIII°

So, the vessel Centauri, property of the Navitrans Maritime Inc, is in Angola, at the Commercial Port of Luanda, on the anchorage waiting for orders to berth

## XIV°

The Claimant so has de Fair Concern to loose a guarantee to satisfy is Credit, as

## XV°

The probability to sell the said vessel is so obvious, as she is subject to two morgagees. See document 6. And in the other end there is the risk of bankruptcy of the Defendant.

## XVI°

In those terms, which are under the law, the Arrest of the vessel Centauri has to be ordered, as a guarantee of the Credit of the Claimant, costs and other expenses which will accrue.

So, we request to Your Hounor, to order the referred  Arrest, without any previous hearing of the Defendant. We kindly requesting the hearing of the under identified witness, to do an immediate order to the Port Authority of the Commercial Port of Luanda, to retain her sailing.

42

*24-3-06*

**MERETISSIMO JUIZ DE DIREITO DA**
**SALA DAS QUESTÕES MARITIMAS**
**DO TRIBUNAL PROVINCIAL DE LUANDA**

L U A N D A

*WBC – Western Bulk Carriers K/S,* com sede em Oslo, Noroega, vem ao abrigo do disposto no Art.º 402 e seguintes do C.P.C, instaurar:

Procedimento cautelar de arresto.

Do Navio Centauri, com n.º 286 do ano 2000, registado no Porto de Lavalletta, propriedade e sob Gestão da *Navitrans – Maritime INC, ATHENAS* com sede em 7 Ifigenias Street, 16671 Vouliagmeni, Athenas, Grécia, pelos fundamentos seguintes:

### I.º

Entre requerente e requerido, foi celebrado dois Contratos de Fretes Futuros, denominados " *FFA 'S"* conforme doc. 1.

### II.º

Os *FFA 'S,* são Contratos celebrados como meio de prevenção contra as flutuações significativas nas Taxas de Fretes durante os períodos contratuais.

### III.º

Os referidos Contratos destinam-se a proteger a requerente *WBC,* contra as eventuais variações dos Fretes em relação as Taxas previamente acordadas.

### IV.º

A coberto dos *FFA 'S,* foi acordado com o requerido uma Taxa fixa de USD. 22.400.00 por dia, para o ano 2004 e 11.500.00 para o ano de 2005.

43

**V.º**

A Taxa relativa ao ano de 2004, vigorou de Julho à Dezembro e a de 2005 de Janeiro à Dezembro.

**VI.º**

No final de cada mês, a Taxa acordada é comparada a Taxa média de Fretes de mercado (que é produzido pelo **BALHIC EXCHANGE**) e quando a Taxa média é mais alta do que a Taxa acordada, a diferença é paga pela Navitrans/ requerida, á **WBC** ora requerente.

**VII.º**

Todavia, a requerida pagou apenas as Taxas devidas aos meses de Julho e Agosto de 2004, mas não pagou entretanto, os valores correspondentes as Taxas de Setembro, Outubro, Novembro e Dezembro de 2004.

**VIII.º**

As referidas Taxas e conforme se pode aferir das facturas que vão junto aos presentes Autos, correspondem os seguintes montantes. ( Doc. 2 à 5).

USD. 111.171.00 – Correspondente ao mês de Setembro.
USD. 197.689.58 – Correspondente ao mês de Outubro.
USD. 234.069.03 – Correspondente ao mês de Novembro.
USD. 315.744.47 – Correspondente ao mês de Dezembro.

**IX.º**

O Crédito do requerente junto da requerida está assim orçado no valor de USD. 858.674.08, ao que deverá ser acrescido os juros correspondentes.

**X.º**

De igual modo e com base na alínea d) da Clausula 11 do Contrato, a requerente **WBC,** também pode exigir indemnização por perdas e danos, resultante do incumprimento deste Contrato.

44

## XI.º

Com o presente arresto, deseja apenas o requerente o pagamento referente ao ano 2004.

## XII.º

Tem assim a requerente o direito de exigir do requerido e demais responsáveis da mesma, a mencionada importância.

## XIII.º

Ora, o Navio *Centauri* que pertence a Sociedade *Navitrans Maritime*, encontra-se em Angola, no Porto Comercial de Luanda, nomeadamente ao largo, aguardando ordens para acostagem.

## XIV.º

A requerente tem assim justo receio de perder a garantia para satisfazer o seu Crédito, pois.

## XV.º

A probalidade de alienação do referido Navio é tão evidente que sobre o mesmo impedem duas hipotecas. Doc. 6. Por outro, existe o risco de insolvência do requerido.

## XVI.º

Nestes termos, que são os de direito, deve decretar-se o *"ARRESTO"* no referido Navio *Centauri,* para garantia do Crédito do requerente, custas e mais despesas que se acrescem.

Para tanto requerer-se a V. Excia se digne deferir-lhe o Arresto requerido, sem audição prévia do requerido. Contudo, deverá inquirir-se as testemunhas abaixo indicadas, oficiando-se imediatamente a Capitania do Porto Comercial de Luanda para que impeça a saída do Navio.

45

Valor de acção: USD.858.674.08.


Testemunhas: José Manuel Napoleão.
             Filipe Bonfim.


Junta: Procuração, Substabelecimento e documentos


O Advogado
_____
Dr. Samuel Mendes Mateus
Cédula n.º 452

46

Sentence n° 1 / 05

File n°182 / 05

Register of the Sentence Awarded
Between pages 83 to 84
Of the Proceedings of Caution of Arrest on Which
WBC-Western Bulk Carriers K/S is the
Claimant and the Vessel Centauri Arrested

## VEREDICT

The claimant WBC- Western Bulk Carriers K/S, with main office at Oslo, Norway, requested a preventive arrest of the motor vessel, named CENTAURI, property or under the management of NAVINTRANS INC, ATHENS, 7 IFIGENIAS Street, and 16671 Vouliagemeni- Athens, Greece.

Based on a concern to loose a property security to guarantee his credit, in relation of two contracts of freight future, known, as FFA'S as a form to prevent against eventual variations or <u>fluctuations</u> of the freight rates during the contract periods.

The contracts agreed to protect the WBC, were made under the FFA'S and both agreed that the Defendant should pay a fixed rate of US$ 22.400,00, per day, for the year of 2004 and US$ 11.500,00 for the year 2005.

That the rate for 2004 covered the period from July to December and for the year 2005, from January till December.

Also was agreed that on the end of each month, the agreed rate is compared to the average market rate, taking into consideration the rate produced by the BALTIC EXCHANGE, the difference should be paid by NAVITRANS to WBC, the claimant.

So far, the Defendant have paid only the rates agreed for the months of July and August 2004, failing to pay the amounts due the rates of September, October, November and December of the year 2004.

That the rates so far not paid to the Claimant is, as follow:

US$ 111.171,00; 197.689,58; 234.069,03 and 315.744,47, respectively to the months of September, October, November and December, adding the total amount of US$ 858.674,08, with the due interests.

47

That the Claimants desires with the Arrest Proceedings, only the payment of the rates of the 2004 year.

That the duly concern to loose his patrimonial security against the vessel Centauri, as two mortgagees and moreover there is a danger of the insolvency of the Defendant.

Added Documents

Checked the proofs, in the proceedings as wells the hearing of the witness it was find out the probability of the outstanding, as a consequence of the contract agreed by both the Claimant and the Defendant, and so proved the concern of the claimant to loose his security, in this case, the only property guarantee known by the Claimant as being in Angola, and also, because the guarantee claimed by the Claimant is in fact a trust patrimonial and a maritime security, in the name of the Angolan People, I Award the Arrest the vessel named " CENTAURI ", now moored at the Commercial Port of Luanda, unless that, the Defendant or his representative submit credible Guarantee, view the disposition of the n° 4 of the art° 404° of the Proceeding of the Civil Code.

As a Trustee Guarantor, I nominate the company LINCE, SARL, a private Security firm, and I request the Court office to inform about the credibility of the said company and request its legal statutory as a Security firm under the Angola law.

Knowledgement to the Harbour Authority of the Port of Luanda to accomplish with the Decision.

Costs on for the Claimnt's account

Register and Notify

Luanda, 3rd of March 2005

Signed: Dr Rigoberto Kambove

Its According

Luanda, 3rd March 2005

The Writer of Law

Signed:

48



REPÚBLICA DE ANGOLA

## MINISTÉRIO DA JUSTIÇA

SENTENÇA Nº 1/05

PROCESSO Nº. 182/05

REGISTO DA DOUTA SENTENÇA PROFERIDA A FIS. 83 A 84, NOS AUTOS DE ACÇÃO DE PROCEDIMENTO CAUTE-LAR DE ARRESTO EM QUE É ARRESTANTE WBL-WESTERN BULLK CARRIER K/S E ARRESTADO NAVIO CENTAURI.-

= S E N T E N Ç A =

A requerente WBC,Western Bulk Carrier K/S, com sede em Oslo, Noroega,

- Veio requerer arresto preventivo do navio a Motor, denominado CENTAURI, propriedade da Empresa ou Sob gestão do NAVITRANS-INC ATHENAS, com sede em 7 I FIGENIAS Street,16671 Vouliagmeni-Athenas, Grécia,

Com fundamento no receio de perder a garantia parimonial do seu crédito, por virtude de dois contratos celebrado de "fretes futuros", denominados" F.F. A'S" com meio de prevenção contra as eventuais Variações ou flutuações de Taxas de fretes durante as periodos contratuais.

Os contratos celebrados com o propósito de proteger a WBC, foi feito a co-berto de "F.F.A'S " e acordou-se que o requerido pagaria uma taxa fixa de USD 22.400.00 por dia, para o ano de 2004 e USD. 11.500.00 para o ano de 2005.

Que a taxa de 2004, vigorou de Julho a Dezembro e a de 2005, de Janeiro à Dezembro.

Que acordou-se também que, no final de cada mês, a taxa acordada é compara-da com a taxa média de fretes de mercado, tendo em atenção a taxa produzida pelo, BALTIC EXCHANALTA do que a taxa acordada, a diferença é paga pela NAVI-TRANS à WBC-requerente.

Que até agora, a requerida pagou apenas as taxas devidas aos meses de, Julho e Agosto de 2004, ~~////////~~ mas não pagou os valores correspondentes às taxas de Setembro, Outubro, Novembro e Dezembro do ano de 2004.

49

Que as taxas até agora não pagas pela requerida são as que seguem.

USD: 111.171,00; 197.689,58; 234.069,03 e 315.744,47, respeitantes aos meses de Setembro, Outubro, Novembro e Dezembro, totalizando um valor global de cerca de USD: 858.674,08, sem juros devidos.

Que a requerente pretende com o processo de arresto, apenas o pagamento das taxas do ano de 2004.

Que tem fundado receio de perder a sua garantia patrimonial porque sobre o navio Centauri, impediu duas hipotecas e a isso adjunto o risco de insolência do requerido.

Juntou Documentos.

Analisados as provas, juntas aos autos bem como, ouvidas as testemunhas verica-se que é provável a existência da dívida, como consequência do contrato celebrado entre Si e requerida, ficando assim, provado o justo receio de a requerente perder a sua garantia, aliás, aqui, a única garantia patrimonial conhecida de que a requerente dispõe em Angola, e, também, porque a garantia de que reclama o requerente é na verdade garantia patrimonial e Marítima, em nome do Novo Decreto e Arresto do Navio denominado "CENTAURI", ora atracado no Porto Comercial de Luanda, a menos que, a requerida ou seu representante preste Cunção idónea, em homenagem ao disposto no artº. 404º nº 4 do Código de Processo Civil.

Para o fiel depositário, nomeio a empresa LINCE-SARL, empresa de Segurança privada, e solicito que o Cartório informe sobre a idoneidade dessa mesma empresa de Segurança e solicite o seu estado legal como empresa de Segurança privada de dirito angolano.

Mod. 203 – Exclusivo do C.G. de Justiça – 5/02

50



REPÚBLICA DE ANGOLA

MINISTÉRIO DA JUSTIÇA

Ofície a Capitania do Porto de Luanda para o cumprimento do Despacho.

Custas pela requerente.

Registe e Notifique.

Luanda, 2005-Março-03

(Ass.) Dr. Rigoberto Kambovo.

Está conforme,

Luanda, 03 de Março de 2005

O Escrivão de Direito

51