EXHIBIT "1"

**JUDGE KARAS**          **07 CV 4761**

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
CENTAURI SHIPPING LTD.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CENTAURI SHIPPING LTD.,

            Plaintiff,

  - against -                                                                      07 Civ.

WESTERN BULK CARRIERS KS, WESTERN
BULK CARRIERS AS, and WESTERN BULK AS,

                                      **VERIFIED**
                                      **COMPLAINT**
            Defendants.
------------------------------------------------------X

     Plaintiff CENTAURI SHIPPING LTD. ("CENTAURI") by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendants, WESTERN BULK CARRIERS KS ("WBC KS"), WESTERN BULK CARRIERS AS ("WBC AS"), and WESTERN BULK AS ("WB AS"), alleges upon information and belief as follows:

    1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls within the Court's admiralty and maritime jurisdiction pursuant to 28 USC § 1333.

    2. At all material times, plaintiff CENTAURI was and still is a corporation organized and existing under the laws of Malta, and was and still is the owner of the M/V CENTAURI ("the Vessel").

    3. Upon information and belief, at all material times, defendants were and

still are corporations or partnerships organized and existing under the laws of Norway, with a business address of Karenslyst Alle 8 B, 0278 Olso, Norway. Upon information and belief, at all material times, defendant WBC AS was and still is a wholly-owned subsidiary of defendant WB AS and was and still is a general partner of defendant WBC KS. Upon information and belief, at all material times, defendant WB AS was and still is a limited partner of defendant WBC KS.

4. As a general partner of defendant WBC KS, defendant WBC AS was and still is liable in full for the debts and obligations of defendant WBC KS. As a limited partner of defendant WBC KS, defendant WB AS was and still is liable for the debts and obligations of defendant WBC KS to the extent of its subscribed capital.

5. In addition or supplemental thereto, defendants are alter ego corporations that so dominate and control one another that the debts and obligations on one another are the debts and obligations of each other. Upon information and belief, at all material times, the following factors, among others, show that defendants are alter egos:

   (a)  defendants share the same office address;

   (b)  defendants share one or more common directors or officers;

   (c)  defendants share the same telephone and telefax numbers;

   (d)  all employees of defendants are formally employed by defendant WBC AS;

   (e)  defendants share a joint bank account that is administered by defendant WBC KS;

   (f)  on behalf of all defendants, defendant WBC KS has an overdraft and guarantee facility with a bank that is guaranteed by defendant WB AS;

(g) the business activities of defendants WBC AS and WBC KS are presented as the business activities of defendant WB AS on its web page (www.westernbulk.no); and

(h) the tax returns of defendants WBC AS and WBC KS are consolidated in the tax return of defendant WB AS.

6. On or about January 21, 2002, plaintiff CENTAURI entered into a contract of maritime and commercial management of the Vessel with Navitrans Maritime Inc. ("NAVITRANS").

7. On or about July 30, 2004, NAVITRANS entered into a freight futures FFA contract with defendant WBC KS. The freight futures FFA contract between NAVITRANS and defendant WBC KS did not contain any reference to the Vessel.

8. Plaintiff CENTAURI was not a party to the freight futures FFA contract between NAVITRANS and defendant WBC KS.

9. A dispute arose subsequently between NAVITRANS and defendant WBC KS involving the freight futures FFA contract.

10. On or about March 8, 2005, defendant WBC KS caused the Vessel to be arrested in Luanda, Angola, as security for its dispute with NAVITRANS in connection with the freight futures FFA contract.

11. Shortly thereafter, plaintiff applied to the Angolan court to lift the arrest of the Vessel. After a number of appeals, on or about November 17, 2006, the Supreme Court for the Republic of Angola issued a judgment finding that (a) defendant WBC KS had no legal relationship with plaintiff and the Vessel, (b) the Vessel had been therefore wrongfully arrested, and (c) defendant WBC KS had acted in bad faith by filing

misleading documents with the Court when seeking the arrest of the Vessel.

12. In addition to ordering the immediate release of the Vessel, the Supreme Court held that (a) plaintiff was entitled to damages for the wrongful arrest, (b) WBC KS was fined in the amount of KZ 450,000 for litigating in bad faith, and (c) legal costs were awarded in favor of plaintiff in the amount of KZ 850,000.

13. On December 5, 2006, WBC KS filed an application to overturn or invalidate the November 17, 2006, judgment by the Supreme Court for the Republic of Angola. Due to the Angolan Christmas and summer season, plaintiff CENTAURI's Angolan attorneys were not immediately notified of the application. On March 5, 2007, CENTAURI filed its objection to the application.

14. On April 27, 2007, the Supreme Court for the Republic of Angola, rejected WBC KS's application, upholding its earlier November 17, 2006, judgment that the Vessel had been wrongfully arrested. The matter is currently pending before the Angolan court in order to determine the amount of damages that will be awarded to plaintiff for the wrongful arrest of the Vessel.

15. The Vessel remained under arrest and detained in the port of Luanda, Angola from March 8, 2005, until on or about May 31, 2007, when the Vessel departed Angola, approximately eight hundred and fourteen (814) days thereafter.

16. As a result of the wrongful arrest of the Vessel, plaintiff CENTAURI sustained substantial damages and incurred expenses and legal costs during the time the Vessel was under wrongful arrest and detained in the port of Luanda, Angola.

17. Plaintiff CENTAURI hereby demands:-

    (a) Payment of $10,668,566.00 for the off-hire payments lost for the

- 4 -

time period the Vessel was under wrongful arrest;

(b) Payment of $1,035,128.00 for the marine diesel oil and fuel oil consumed during the time period the Vessel was under wrongful arrest;

(c) Payment of $602,392.00 to cover the port expenses incurred as a result of the Vessel being detained during the period of time the Vessel was under wrongful arrest;

(d) Payment of $165,000.00 for the trans-shipment of the cargo that had been laden aboard the Vessel when the wrongful arrest occurred;

(e) Payment of $568,177.00 for legal fees, court expenses, and expenses of the P&I Club correspondent incurred and to be incurred in connection with the Vessel being detained in Angola;

(f) Payment of $157,328.00 for fees and expenses of owners' representative, divers, and positioning of Vessel for repairs necessitated by the Vessel being detained in the Port of Luanda, Angola;

(g) Payment of $1,040,880.00 to cover interest on the amount in subparagraphs (a) through (f) above, from the date of the wrongful arrest until on or about May 31, 2007, on which date the Vessel departed Luanda, Angola; and

(h) Payment of $1,113,325.00 to cover interest on the amount in subparagraphs (a) through (g) above, from on or about May 31, 2007,

on which date the Vessel departed Luanda, Angola until completion of the litigation in Angola, estimated to be about eighteen (18) months.

**Total**    $15,350,796.00

18. Defendants cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and have tangible or intangible property within this District.

19. This action is also brought to enforce the judgments entered by the Angolan courts.

WHEREFORE, plaintiff CENTAURI prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants, citing them to appear and answer under oath all and singular the matters alleged;

b. since defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff CENTAURI, in the amount of $15,350,796.00 to secure plaintiff CENTAURI's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule

B answer the matters alleged;

    c.    this Court enforce and accord international comity to the judgments entered by the Angolan courts; and

    d.    plaintiff CENTAURI have such other, further, and different relief as this Court may deem just and proper.

Dated: June 5, 2007

                              LYONS & FLOOD, LLP
                              Attorneys for Plaintiff
                              CENTAURI SHIPPING LTD.

By: _____
       Kirk M. Lyons (KL-1568)
       65 West 36th Street, 7th Floor
       New York, New York 10018
       (212) 594-2400

U:\kmb\docs\2648001\Pleadings\Verified Complaint2.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff CENTAURI SHIPPING LTD. in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff CENTAURI SHIPPING LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:  June 5, 2007

_____
Kirk M. Lyons

U:\kmh\docs\2648001\Pleadings\Verified Complaint2.doc