# EXHIBIT A

Holland & Knight, LLP
James H. Hohenstein (JH 3285)
Lissa D. Schaupp (LS 6300)
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
Auckland Shipping Company, London

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

AUCKLAND SHIPPING COMPANY,
LONDON,

                Plaintiff,

- against -

WESTERN BULK CARRIERS KS,

                Defendant.
------------------------------------x

(J. McMahon)

07 Civ. 4139 (CM)

**AFFIDAVIT IN SUPPORT
OF ATTACHMENT**

STATE OF NEW YORK  )
                     :ss.:
COUNTY OF NEW YORK)

    James H. Hohenstein, being duly sworn, deposes and says:

    1.    I am a member of the firm of Holland & Knight, LLP, attorneys for plaintiff, Auckland Shipping Company, London ("Auckland"), and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I am familiar with the facts and circumstances underlying this dispute and I am submitting this affidavit in support of the Verified Complaint and the Writ of Attachment.

3. Undersigned counsel is mindful of the due diligence requirements related to the inquiry of whether a particular defendant is "found" in this jurisdiction for the purpose of a Supplemental Rule B attachment. Undersigned counsel is equally mindful that in order to be "found" there are two requirements, both of which must be satisfied: first, the defendant must be capable of being served with process in the jurisdiction; and second, the defendant must have a presence here sufficient to support the exercise of *in personam* jurisdiction. As to the second requirement, what must be established is that the defendant is engaged in a systematic and continuous course of doing business in the jurisdiction so as to warrant a finding that the defendant has a presence here.

4. As will be seen below, the defendant has a duly appointed agent for the service of process in this jurisdiction. However, our Firm's investigation as to the second prong of the requirement has found nothing at all to indicate that Western Bulk Carriers KS (the "Defendant") has a presence in this jurisdiction. Thus, it is respectfully submitted that the Defendant is not "found" here for the purposes of Supplemental Rule B.

5. Under my supervision, our office contacted the New York Secretary of State for the State of New York, and was advised that Western Bulk Carriers KS ("Defendant") is a foreign limited partnership authorized to do business in New York.

6. According to the New York Secretary of State, Defendant has the following Registered Agent to accept process within this District: "Patrick F. Lennon, C/O Tisdale & Lennon, LLC, 11 West 42nd Street Ste. 900, New York, New York, 10036."

2

7. Upon personal knowledge, Tisdale & Lennon, LLC is a law office and Patrick F. Lennon is an attorney practicing maritime law in this jurisdiction.

8. Therefore, as discussed above, Defendant is capable of being served with process in this jurisdiction. However, the second aspect of the inquiry must be addressed.

9. Our office then conducted a search of the internet to locate Defendant's webpage. We located the website of the Western Bulk Group at http://www.westernbulk.no, which makes specific reference to Defendant as part of the Western Bulk Group. (Exhibit 1).

10. Upon information and belief, the Defendant is a subsidiary and/or related entity of the Western Bulk Group. *(See id.)*. Indeed, the Western Bulk Group website provides the following contact information for "Western Bulk Carriers AS & Western Bulk Carriers KS [Defendant]": Karenslyst alle 8b, P.O. Box 78 Skøyen, N-0212 Oslo, Norway." *(Id.)*

11. The "Company Profile" on the Western Bulk Group website states that "[t]he Group has five commercial operating offices located in Oslo, Melbourne, Singapore, Santiago and Seattle, as well as Representative Offices in Perth, New Orleans, Houston and Conception Bay, Chile." *(Id)*. According to the Western Bulk Group website, the head office of the Western Bulk Group is located in Oslo, Norway, and "[a]ll group activities are coordinated from Oslo, but the local operating offices have a great deal of autonomy in commercial and operation matters." *(Id.)*.

12. There is no address within this District or anywhere in New York State listed for Defendant or any Western Bulk entity on the Western Bulk Group website. *(See id.)*.

13. Dun & Bradstreet has no listing for Defendant, Western Bulk Carriers KS. (Exhibit 2). However, Dun & Bradstreet, does have a listing for Western Bulk Carriers AS, which reportedly is located at "11 West 42nd Street Ste 900, New York, NY, 100368002." *(Id.)*.

3

14. As discussed above, 11 West 42nd Street Suite 900, New York, NY, 10036-8002 is the address of Tisdale & Lennon LLC, the law firm, and Patrick F. Lennon, Defendant's Registered Agent.

15. Upon information and belief, 11 West 42nd Street Suite 900, New York, NY, 10036-8002 is not the address of an actual place of business of Defendant, Western Bulk Carriers AS, or any Western Bulk Group entity.

16. Our search of the Westlaw executive database indicates that there is no executive of Defendant or any Western Bulk Group entity located in the State of New York. (Exhibit 3).

17. Defendant is not listed in the telephone directory of the principal metropolitan areas in this District. Nor is Defendant listed in the Transportation Tickler, a recognized commercial directory of the maritime industry.

18. Other commercial directories, such as *Yearbook of Scandinavian Shipowners and Ship Management Companies* (68th Edition), the *World Shipping Directory 2006-2007* of Lloyd's Register Fairplay, the Business Directory of the Norwegian American Chamber of Commerce, *Hoovers*, and business.com, do not provide any New York State address for the Defendant or any Western Bulk Group entity.

19. In addition, the commercial credit reports provided at Lloyd's Marine Intelligence Unit website (at www.lloydsmiu.com) also do not indicate any New York State address for the Defendant or any Western Bulk Group entity. Lloyd's Marine Intelligence Unit website provides addresses for Western Bulk Group entities in Oslo, Norway, Tampa, Florida, Melbourne, Australia, and Cherry Hill, New Jersey, but none in this District or the State of New York.

20. Based on the above, to the best of my information and belief Defendant cannot be found within this district or the State of New York.

21. Based upon the facts set forth in the Verified Complaint, I respectfully submit that Defendant is in breach of its obligations under the charter party dated January 12, 2004. As best as can be presently determined, Auckland has sustained damages in the amount of $715,285.38, inclusive of interest, arbitration costs, and attorneys' fees.

22. Upon information and belief Defendant has, or will have during the pendency of this action, property, goods, chattels or credits and effects within the District in the hands of garnishees including, but not limited to Bank of America, N.A., The Bank of New York, Citibank, N.A., Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wachovia Bank, N.A., Société Générale, Standard Chartered Bank, BNP Paribas, Calyon Investment Bank, American Express Bank, Commerzbank, ABN Amro Bank, Bank Leumi USA, Fortis Financial Groups, Banco Popular, and Bank of Tokyo-Mitsubishi UFJ Ltd.

23. Plaintiff is, therefore, requesting this Court, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules for Civil Procedure, issue a Writ of Maritime Attachment for an amount up to $715,285.38.

McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

AUCKLAND SHIPPING COMPANY,  :  07 Civ. 4139   ( )
LONDON

                        Plaintiff,  :  **ORDER FOR ISSUANCE OF
A WRIT ATTACHMENT
AND GARNISHMENT**

- against -
                                        :

WESTERN BULK CARRIERS KS,

                        Defendant.  :
----------------------------------------x

Upon reading the Verified Complaint for issuance of process of attachment and garnishment, and the affidavits and papers submitted in support thereof, and the Court finding that the conditions for an action under Supplemental Admiralty Rule B appear to exist, it is

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for Defendant by Bank of America, N.A., The Bank of New York, Citibank, N.A., Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wachovia Bank, N.A., Société Générale, Standard Chartered Bank, BNP Paribas, Calyon Investment Bank, American Express Bank, Commerzbank, ABN Amro Bank, Bank Leumi USA, Fortis Financial Groups, Banco Popular, and Bank of Tokyo-Mitsubishi UFJ Ltd., in an amount up to and including $715,285.38, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission to each garnishee or by way of e-mail to any garnishee that advises Plaintiff that it consents to such service; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       May 24, 2007

SO ORDERED:

_____
U.S.D.J.

# 4541228_v1

2