# EXHIBIT B



ANÍBAL ESPÍRITO SANTO
JOSÉ JÚLIO FIGUEIREDO
ADVOGADOS

Pr n° 182/05
**APENSO**

M.mo Juiz de Direito da Sala das Questões Marítimas
Tribunal Provincial de Luanda

CENTAURY SHIPPING, LIMITED, com sede em Valleta-Malta,

vem propor, por apenso ao processo em epígrafe, contra

WBC- Western Bulk Carriers AS, OSLO, Karenlyst alle 8b, PO Box 78 Skoyen,
N-0212 Oslo, Noruega,

ACÇÃO EXECUTIVA COM PROCESSO ORDINÁRIO PARA
PAGAMENTO DE QUANTIA CERTA, nos termos e com os fundamentos
seguintes:

1

Em 24 de Fevereiro de 2005, a WBC-Westen Buklk Carriers instaurou procedimento
cautelar de que resultou a decisão judicial de arresto do N/M Centaury, propriedade da
Centaury Shipping, Ltd.( sentença n° 1/05 de no processo n° 182/05)

2

A Centaury Shipping recorreu dessa medida cautelar, primeiro para a Sala das Questões
Marítimas e depois para o Tribunal Supremo.

3

O Tribunal Supremo decidiu em Acórdão lavrado aos 11 de Novembro de 2006 no
processo n° 955/05:

1- <u>Revogar a decisão recorrida</u>, concedendo provimento ao recurso;
2- Ordenar o levantamento imediato do navio arrestado sob o n° oficial
6.482;
3- <u>Condenar o apelado em indemnizar o apelante</u> que será fixado em execução de
sentença
4- <u>Condenar a apelada em multa por litigância de má-fé</u> fixada em AKZ
450.000,00 ( quatrocentos e cinquenta mil Kwanzas);
5- Custas pela apelada com procuradoria condigna a favor do Cofre Geral de
Justiça em AKZ-85.000,00 ( oitenta e cinco mil)

4

O Acórdão do Tribunal Supremo transitou em julgado, sendo título executivo bastante.

1

Com o seu comportamento a executada WBC causou à Centaury Shipping, até **26.06.2007,** um prejuízo de Usd 14.693.517,( Catorze Milhões, Seiscentos e Noventa e Três Mil, Quinhentos e Dezassete), somatório das verbas discriminados no anexo que constitui doc.1.

### 6

A este valor acresce um montante a liquidar por apenso a esta execução, respeitante aos prejuízos sofridos pela CENTAURY SHIPPING, desde 27.06.07.

### 7

Estas são as prestações em que deve converter-se a condenação genérica por danos, formulada no Acórdão do Tribunal Supremo.

### 8

A WBC-, sabia e não podia deixar de saber que os "contratos de futuros", os FFA,S não são contratos marítimos.
Por outro lado,

### 9

A WBC. também sabia e não podia deixar de saber que a Navitrans Maritme Inc., Athens, parte nos FFA`S é uma companhia diferente da Centaury Shipping Ltd e entre estas apenas existem ( existiam) meras relações comerciais.

### 10

É assim manifesto que a <u>WBC não agiu com a prudência normal,</u>
Acresce,

### 11

conforme decidido pelo Tribunal Supremo, que <u>a WBC agiu, também, com má-fé</u>, porquanto "visou induzir o Tribunal *a quo* em erro". (art.º3º ,4, *supra*)

### 12

Sob a epígrafe

( **Responsabilidade do requerente e proibição da providência**)

o **art.º 387º** do Código do Processo Civil determina:

1. *Se a providência for julgada injustificada ou caducar, o requerente é responsável pelos danos causados ao requerido, quando não tenha agido com a prudência normal, e não pode requerer outra providência como dependência da mesma causa*".

### 13

O Tribunal Supremo, ao revogar o arresto requerido pela WBC e ao condenar esta sociedade no pagamento de indemnização pelos prejuízos sofridos pela CENTAURY SHIPPING, considerou a providência injustificada e o comportamento da arrestante,

2

WBC, no modo descrito, como causa desses prejuízos.

14

Ao actuar com manifesto desrespeito pela prudência exigida, intentando uma providência cautelar de arresto sem condições de acção, tornou-se responsável pelos danos causados à CENTAURY SHIPPING.

15

Estão assim verificados os pressupostos para a aplicação do disposto no art°.387° do Código do Processo Civil, de que resulta, para a WBC, a obrigação de indemnizar a CENTAURY SHIPPING pela totalidade dos prejuízos causados pelo arresto ilegal do N/M CENTAURY.

16

A dívida, é imediatamente exequível na parte liquidada.

17

A requerente pretende assim fazer executar o Acórdão do Tribunal Supremo, nos termos do art°90° n°1 e 3, do Código do Processo Civil

Por todo o exposto, requere a V.Ex.ª que, D.e A, se digne ordenar que a executada seja citada pelo correio, em carta registada e com aviso de recepção para, no prazo de dez dias, finda que seja a dilação, pagar, à exequente a quantia de Usd –14.693.517 (Catorze Milhões, Seiscentos e Noventa e Três Mil, Quinhentos e Dezassete dólares dos EUA) e após a respectiva liquidação, o montante dela resultante e respectivos juros até efectivo pagamento, custas, selos e despejas extrajudiciais, quando incorridas, sob pena de se proceder á penhora de bens da executada.

Valor: Kz-1.102.050.000,00, contra valor de Usd –14.693.157.00
Junta: documento, cópias legais
Protesta apresentar, no prazo de 8 dias documentos justificativos do valor das verbas d sintetizado no documento em anexo.

O Advogado

*Anibal Espírito Santo* (assinatura)

ANIBAL ESPIRITO SANTO – JOSE JULIO FIGUEREDO ATTORNEYS

08.16.2007 – The document contains an illegible stamp and two illegible signatures.

Lawsuit reference number: 182/05 – attachment

---

CENTAURY SHIPPING LIMITED headquartered in Valleta-Malta, comes before Your Honor the Court Judge of Maritime Court of Luanda Province to request a writ of execution in order to enforce payment of an exact amount against WBC-Western Bulk Carriers AS, OSLO, Karenlyst alle 8b, POX 78 Skoyen, N-0212, OSLO, Norway.

The aforementioned request of writ of execution is grounded by the following terms:

1) On February 24, 2005, WBC-Western Bulk Carriers filed a temporary injunction, which resulted in the seizure of N/M Centaury, which is property of Centaury Shipping, Ltd (court ruling # 1/05 of lawsuit # 182/05).

2) Centaury Shipping appealed referred temporary injunction, first it appealed to the Office of Maritime Matters and then to the Supreme Court.

3) The Supreme Court provided judgment on November 11 of 2006 for lawsuit # 955/05 as follows:

1- <u>It changed the appealed decision</u>, and it judged in favor of the appellant;

2- It ordered that the seized Ship be immediately released under official number 6.482;

3- <u>It condemned the appellee to indemnify the appellant</u>, amount which shall be determined by the court sentence;

4- <u>It condemned the appellee to pay a penalty for bad-faith litigation</u> in the amount of AKZ 450,000.00 (four hundred and fifty thousand Kwanza);

5- It condemned the appellee to pay for the litigation costs in favor of the Financial Department of Justice (Cofre Geral de Justiça) the amount of AKZ 85,000.00 (eighty five thousand).

4) The decision of the Supreme Court is a final judgment, and it is enough for a writ of execution.

5) The behavior of WBC caused Centaury Shipping, **until 06.26.2007,** a loss of US$ 14,693,517 (Fourteen millions, six hundred and ninety three thousand and five hundred and seventeen), which is a sum of the amounts described on the attachment that constitutes document 1.

6) To the aforementioned amount to be settled by execution, it must be added the losses that have been incurred by Centaury Shipping since 06.27.2007.

7) These are the figures that must be converted from a general sentence to a sentence of damages, provided for on the decision of the Supreme Court.

8) WBC knew – and there is no way it could not have known- that the Future Agreements – the FFA,S- are not maritime contracts.

On the other hand

9) WBC knew – and there is no way it could not have known- that Navitrans Maritime Inc, Athens, part on the FFA,S it is a company different than Centaury Shipping ltd, and among these, there are (there were) only mere commercial relationships.

10) It is then evident that **WBC did not act with normal caution.**

And it adds,

11) As it has been ruled by the Supreme Court, **WBC also acted with bad-faith,** because it intended to lead the Court to a mistake, *a quo,* (Article 3rd and 4th above).

**Regarding the above:**

**(Responsibility of the appellee and denial of injunction)**

Article 387 of the Civil Code determines the following:

*1. If an injunction is judged as unjustifiable or if it exceeds its statue of limitation the appellee is accountable for damages and losses caused to the appellant, this happens when the appellee did not act with the necessary caution, and another injunction cannot be requested over the same cause.*

13) When the Supreme Court ordered that the seized Ship be immediately released, seizure which had been requested by WBC, and when it ordered WBC to indemnify Centaury Shipping for its losses, it considered that the requested temporary injunction was unjustifiable and the behavior of WBC, as described, as the cause of Centaury Shipping losses.

14) WBC acted recklessly when it requested referred injunction, it ordered a seizure without having grounds for an action and therefore it became responsible for the losses caused to Centaury Shipping.

15) Having analyzed the legislation to apply what determines Article 387 of the Civil Code, WBC must indemnify Centaury Shipping for the total amount of losses, losses which were caused by the illegal seizure of N/M CENTAURY.

16) The debt is subject to an immediate writ of execution against WBC.

17) Therefore Centaury Shipping intends to move forward with the writ of execution as per decision of the Supreme Court and grounded on the terms of Article 90, and items 1 and 3 of the Civil Code.

Due to all that has been exposed herein, we request Your Honor to summon the appellee by certified mail and notice of receipt, for the appellee to pay the amount of US$ 14,693,517 (Fourteen millions, six hundred and ninety three thousand and five hundred and seventeen) within ten days, and after respective payment be added, of interest until the effective date of payment plus court and litigation costs under the penalty of having its assets executed.

Amount: KZ- 1,102,050,000.00 corresponding to US$ 14,693,157.

Attached: Original documents and certified copies.

Shall present within 08 days justification for the amounts summarized on the attachment.

Signed by: The Attorney – illegible signature.