# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

EXPRESS SEA TRANSPORT CORP.,

              Plaintiff,

  -against-

NOVEL COMMODITIES S.A.,

             Defendant.

----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/06

06 Civ. 2404 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

    For the reasons stated on the record in open court on May 4, 2006, the attachment issued by this Court on March 28, 2006, is hereby vacated.

    The parties are instructed that unless reason is given before May 15, 2006, as to why this action should continue, the Court will dismiss the action.

SO ORDERED.

Dated: New York, New York
       May 4, 2006

                                                      _____
                                                         GERARD E. LYNCH
                                                     United States District Judge

```
                              654YEXPC.txt
                                                                          1
     654YEXPC
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   EXPRESS SEA TRANSPORT CORP.,
 3
 4              Plaintiff,
 4
 5        v.                                  06 Civil 2404 (GEL)
 5
 6   NOVEL COMMODITIES S.A.,
 6
 7              Defendant.
 7
 8   ------------------------------x
 8
 9                                            May 4, 2006
 9                                            3:15 p.m.
10
10
11   Before:
11
12            HON. GERARD E. LYNCH,
12
13                                            District Judge
13
14
14
15                         APPEARANCES
15
16
16   FREEHILL, HOGAN & MAHAR, LLP
17   Attorneys for Plaintiff
17        80 Pine Street
18        New York, New York
18   MICHAEL E. UNGER, ESQ.,
19        Of counsel
19
20
20   FOWLER, RODRIGUEZ & CHALOS, LLP
21   Attorneys  for Defendant
21        336 Main Street
22        Port Washington, New York
22   OWEN F. DUFFY, ESQ.,
23   BRIAN T. MCCARTHY, ESQ.,
23        Of counsel
24
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
                                                                          2
     654YEXPC
 1            THE CLERK:  In the matter of Express Sea Transport
 2   Corporation against Novel Commodities.
 3            Counsel, please identify yourselves for the record,
 4   beginning with plaintiff.
 5            MR. UNGER:  Michael Unger, Freehill, Hogan & Mahar for
 6   Express Sea Transport.
 7            MR. DUFFY:  Owen Duffy for the defendant Novel
 8   Commodities, with my colleagues Brian McCarthy.
                                 Page 1
```

654YEXPC.txt
```
 9          THE COURT:  Good afternoon, counsel.
10          This case is before the court on the defendant's
11 motion to vacate an order of maritime attachment that was
12 entered on March 29, 2006.  The parties appeared for a hearing
13 on May 2 and I promised to decide the matter by this afternoon.
14          After considering the arguments presented at the
15 hearing and contained in the parties' papers and the subsequent
16 submissions made by both sides, the court will now grant the
17 defendant's motion and vacate the attachment.
18          Under Rule B of the Supplemental Rules of Certain
19 Admiralty and Maritime Claim, a plaintiff may attach a
20 defendant's property within the district if the plaintiff's
21 claim is a maritime action and if the defendant is not found
22 within the district.  The defendant has challenged the validity
23 of plaintiff's attachment and, therefore, plaintiff has the
24 burden to show that the attachment was proper.  In this case
25 the dispute regarding the propriety of the attachment centers
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```
                                                                 3
```
   654YEXPC
 1 on whether the defendant, Novel, can be found within the
 2 district for the purposes of Rule B.
 3          A defendant is found within the district if it is
 4 both, one, found within the district for purposes of
 5 jurisdiction and, two, found within the district for purposes
 6 of service of process.  That is Seawind Compania, S.A., versus
 7 Crescent Line Incorporated, 320 F.2d 580 at 582, (2d Cir.
 8 1963).
 9          The plaintiff argues that under this test the
10 defendant was not found in the district because plaintiff
11 engaged in a diligent search for the defendant and didn't find
12 him.  This argument is without merit for two reasons:
13          First, plaintiff's reliance on the diligence of its
14 search is misplaced.  There is case law supporting the
15 proposition that a diligent search that fails to undercover
16 defendant's agent for service of process is sufficient to
17 satisfy the service prong inquiry even if the defendant does,
18 in fact, have an agent for process within the district.  See,
19 for example, West of England Ship Owners Mutual Insurance
20 Association versus MacAllister Brothers Incorporated, 829 F.
21 Supp. 122 at 123 to 24, Eastern District of Pennsylvania, 1993.
22          The applicability of this rule to the service prong
23 makes some degree of sense.  A defendant should not be able to
24 avoid suit by hiding an agent away from potential plaintiffs
25 thereby forcing the plaintiff to attach property before the
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```
                                                                 4
```
   654YEXPC
 1 defendant comes forward to reveal the hidden agent.  In such a
 2 situation a determination that a defendant is not found within
 3 the district for service of process despite the fact that there
 4 was an agent within the district serves as a sort of penalty
 5 rule to discourage any hidden agent tactics.
 6          Plaintiff has pointed to no case, however, that
 7 applies this doctrine to the jurisdiction prong of the inquiry,
 8 and the rational that underpins the doctrine on the service
 9 issue does not extend to the jurisdiction issue.
10          Second, regardless of the applicability of plaintiff's
11 argument regarding what was knowable at the time of the search,
12 the record reveals that plaintiff did, in fact, know all the
13 relevant facts.  Plaintiff did find by going to the office of
```
                              Page 2

654YEXPC.txt

14  the New York Secretary of State that defendant had a registered
15  agent for service of process within the district.  In fact, in
16  arguing that its search was diligent, plaintiff asserts that
17  the search "revealed the very items which defendant now asserts
18  constituted its presence."  Plaintiff's memorandum at pages 2
19  to 3.
20          The issue for the court, therefore, is not the
21  diligence of plaintiff's search, but, rather, whether the facts
22  uncovered by that search, the same facts asserted by the
23  defendant, lead to the conclusion that the defendant can be
24  found within this district.
25          As previously mentioned, the determination of whether

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

654YEXPC
1   a defendant is found within the district for purposes of Rule B
2   is governed by the two-prong Seawind test.
3           Taking the second prong of the test first, it is clear
4   that defendant is found in the district for service of process
5   purposes.  Plaintiff admits that the defendant has designated
6   an agent for service of process with the New York Secretary of
7   State.
8           Plaintiff argues, however, that defendant nevertheless
9   may not be found within the district for purposes of service of
10  process because when plaintiff's attorney called the offices of
11  defendant's agent, the person who answered the phone was unable
12  to confirm that the agent was authorized to accept service on
13  behalf of defendant.  Plaintiff provides no information with
14  regard to who this person on the phone was or whether he or she
15  is expected to know anything about defendant's agreement with
16  the agent to accept service on defendant's behalf.  Plaintiff
17  did not attempt to follow up on the phone call nor did it
18  attempt to serve defendant via the agent.  One inconclusive
19  phone call is insufficient to carry plaintiff's burden of
20  showing that the defendant is not found in the district for
21  purposes of service, especially in light of the parties'
22  agreement that the defendant does, in fact, have a registered
23  agent on file with the Secretary of State and the fact that
24  plaintiff actually and without difficulty discovered that fact
25  and defendant's averment that the agent is, in fact, authorized

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

654YEXPC
1   to accept service.
2           Turning now to the first jurisdictional prong of the
3   inquiry, the court also finds that defendant can be found
4   within this district for purposes of jurisdiction.  To satisfy
5   this test, a defendant must "be engaged in sufficient activity
6   in the district to subject it to jurisdiction even in the
7   absence of a resident agent expressly authorized to accept
8   process."  Seawind, 320 F.2d at 383.
9           Plaintiff argues that a defendant may only be found
10  within the district if it engages in substantial commercial
11  activity within the district.  Essentially, the plaintiff's
12  view is that whether defendant is subject to suit in the
13  district is irrelevant and that what matters is the sum of
14  defendant's activities in the district regardless of the
15  connection between those activities and any requirements of
16  personal jurisdiction.
17          However, our Court of Appeals rejected that rule in
18  Seawind by stating the jurisdiction prong can be met by a

Page 3

```
                          654YEXPC.txt
19      showing of specific personal jurisdiction arising from the
20      particular claims there at issue even if the defendant's
21      broader activities were insufficient to establish general
22      jurisdiction.
23              Accordingly, this court interprets the jurisdiction
24      prong of the inquiry to require only that the courts of this
25      district have personal jurisdiction over the defendant whatever
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                       7
        654YEXPC
1       the basis of that jurisdiction may be.  And, indeed, to the
2       extent that Rule B attachments are designed at least in part to
3       secure jurisdiction in situations where because of the lack of
4       presence of the defendant within the jurisdiction in personam
5       jurisdiction cannot be obtained, it certainly seems to make
6       sense to interpret the inquiry in just that way.
7               In this case the defendant is subject to suit in the
8       courts of this district and, therefore, may be found here for
9       purposes of jurisdiction.  This is so for two reasons:
10              First, the defendant has stated on the record that it
11      would submit to an order issued by this court to compel
12      resolution of the underlying dispute in arbitration in London
13      as required by the charter party, thus, defendant has
14      specifically consented to the jurisdiction of this court.
15              Second, defendant is a registered foreign corporation
16      within the State of New York and under New York law a
17      corporation that registers to do business within the state
18      consents to general jurisdiction in the courts of the state.
19      See Iyalla versus TRT Holdings Incorporated, 2005 Westlaw
20      1765707 at page star 3, (S.D.N.Y. July 25, 2005).  Accordingly,
21      defendant is subject to suit in the courts of this district
22      and, therefore, defendant may be found within the district for
23      purposes of jurisdiction.
24              The cases relied upon by plaintiff do not compel a
25      contrary conclusion.  First and foremost, plaintiff cites only
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                                       8
        654YEXPC
1       to opinions of district courts and magistrate judges and so to
2       the extent that those jurisdictions are contrary to governing
3       Second Circuit authority, this court must follow its own best
4       understanding of circuit case law in preference to that of
5       courts of parallel authority.
6               Second, the cases cited do not support plaintiff's
7       contention that only substantial commercial activity makes a
8       court finding that a defendant is found within the district for
9       purposes of jurisdiction.  To the contrary, the cases cited by
10      plaintiff support the conclusion that the relevant issue is
11      amenability to suit.
12              For example, in Federazione, a case relied on heavily
13      by plaintiff, the district court inquired into defendant's
14      business activity within the district, but only insofar as that
15      activity related to the question of whether it was "unfair or
16      unreasonable to require defendant to respond to suit in this
17      forum."  Federazione Italiana versus Mandask Compania De
18      Vapores, S.A., 158 F. Supp. 107 at 109, S.D.N.Y. 1957).
19              Similarly, in Bay Casino, the district court listed
20      substantial commercial activity as just one of many ways in
21      which a defendant could be found within the district for
22      purposes of jurisdiction, along with, for example, breaching a
23      contract within the district or signing a forum selection
                                 Page 4
```

```
                                 654YEXPC.txt
       24    clause.  Bay Casino, LLC versus M/V Royal Empress, 20 F. Supp.
       25    2d 440 at 451, (S.D.N.Y 1998).  If signing a forum selection
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                                9
             654YEXPC
       1     clause is sufficient to render a defendant present within the
       2     jurisdiction, it must follow that the key issue is whether the
       3     defendant is amenable to suit for whatever reason and not the
       4     extent of his physical or commercial presence within the
       5     district.
       6              The only case cited by plaintiff that appears to adopt
       7     its substantial activity interpretation of the jurisdiction
       8     test is Erne Shipping Incorporated versus HBC Hamburg Bulk
       9     Carriers GMbH & Co., 409 F. Supp. 2d 427, (S.D.N.Y 2006).
       10             Aside from the fact that Erne appears to this court to
       11    be in conflict with Seawind, this court does not find the
       12    reasoning of Erne persuasive.  The magistrate judge in Erne
       13    concluded that the defendant's registration to do business in
       14    New York and the accompanying consent to general jurisdiction
       15    was insufficient to amount to being found in the district for
       16    purposes of jurisdiction.  The court's conclusion was based on
       17    an analysis of the purposes of maritime attachment, which it
       18    concluded require actual presence based on actual activity
       19    within the district.
       20             First, the court concluded that actual presence would
       21    make it more likely that assets would be found within the
       22    district to provide security for plaintiff.  This appears
       23    inapposite.  A Rule B attachment presupposes that there are
       24    assets in the district, assets that have already been attached.
       25             Second, the court concluded that registration would
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                               10
             654YEXPC
       1     not guarantee defendant's presence in the district because
       2     registration can be withdrawn.
       3              While that observation is technically true, it is also
       4     somewhat irrelevant.  Once a registered corporate defendant is
       5     sued and served within the district, it is too late for the
       6     defendant to revoke its registration.  The defendant is subject
       7     to the jurisdiction of the court and any proceedings necessary
       8     to secure the defendant's presence can be taken by the court
       9     pursuant to the Federal Rules.  If not wanting to submit to the
       10    power of the district court the defendant subsequently revokes
       11    it's registration, that would have no effect on any pending
       12    litigation, and future plaintiffs then would be able to utilize
       13    Rule B attachment.  Essentially, Rule B gives potential
       14    defendants a choice; either they subject themselves to the
       15    courts of the district or they open up the possibility that
       16    their property in the district will be attached.
       17             Defendant is found and was found by the plaintiff
       18    within the district for the purposes of service of process and
       19    for the purposes of jurisdiction.  Therefore, defendant was
       20    found within the district under Rule B and the attachment must
       21    be vacated.
       22             The parties devote considerable attention to an issue
       23    that has divided the judges in this district, whether on a
       24    motion to vacate a Rule B attachment a plaintiff must show, in
       25    addition to satisfying the explicit requirements of Rule B,
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                               11
                                       Page 5
```

654YEXPC.txt
654YEXPC
1  that the attachment is fair or accords with the purposes of the
2  rule.
3          Because this court has determined that the
4  requirements, the technical requirements of Rule B are not
5  satisfied, it is not necessary to reach that issue.  The
6  requirements of Rule B have not been met and, therefore,
7  defendant's motion to vacate the attachment is granted.
8          Okay.  I think that resolves the attachment issue and
9  the question then is, is there anything else that remains of
10 this action?
11         If the action were solely for purposes of securing the
12 attachment, then I suggest that it be withdrawn.  If the
13 complaint on the other hand seeks to have the defendant submit
14 to arbitration, the defendant has already stipulated in open
15 court that it would do so and I think that probably renders the
16 action moot, but maybe the best way to do that is to enter that
17 stipulation in writing and then, in effect, dismiss the case as
18 settled on that basis, but I will leave it to the parties to
19 discuss that and see what is going to happen next.
20         I guess just to put a terminus on it, if I don't hear
21 something different from the parties within, let's say,
22 essentially ten days, by a week from Monday, then I will
23 dismiss the action as moot.
24         All right.  Anything else that we need to do today?
25         MR. DUFFY:  May, your Honor, WE issue a formal order,
                SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

                                                                  12
654YEXPC
1  because we need to present it to the garnishee.
2          THE COURT:  Yes.  We will put out the order right away
3  for reasons stated in open court on this date on the record the
4  attachment is vacated.  If you want some other form of order
5  you can submit it.
6          MR. DUFFY:  So the garnishee is satisfied.
7          THE COURT:  Right.  That ought to do it.
8          Yes.
9          MR. UNGER:  Your Honor, a couple of things.
10         There is a ten day automatic stay that applies to the
11 release of the funds by the garnishee.  I would ask that your
12 Honor keep that stay in place so that the funds remain, because
13 I believe my client is going to instruct an appeal of your
14 Honor's order.
15         THE COURT:  If it is an automatic stay, then there is
16 nothing I can do, right?
17         MR. UNGER:  It is only for ten days and after ten days
18 regardless whether we filed an appeal or not the banks would be
19 entitled to release the funds.  What I am asking is that the
20 funds remain under restrained --
21         THE COURT:  No, that is denied.  I'm confident that
22 the ruling is correct.  If you want to appeal, file your appeal
23 within ten days and ask the Court of Appeals to extend the
24 stay.  I think that is more appropriate.  Then they can decide
25 whether they think there is sufficient merit to warrant
                SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

                                                                  13
654YEXPC
1  granting a further stay.
2          MR. UNGER:  Thank you, your Honor.
3          The other item is in our papers we had asked for
4  certain discovery.  I understand your Honor has already ruled,
                            Page 6

```
                                 654YEXPC.txt
 5      but one of those items of discovery we had in mind to obtain
 6      would be discovery as to whether or not Novel has complied with
 7      the requirements of all foreign companies that register to do
 8      business, and that would include filing a biannual information
 9      statement and filing tax returns with the New York State
10      authorities, which I think is relevant, your Honor, to whether
11      or not the registration is actual and valid.
12               THE COURT:  No, it's not.  They are here, they got the
13      agent, they are registered, they concede they are subject to
14      jurisdiction, they are subject to jurisdiction.  There is
15      nothing further to have discovery of, point one.
16               Point two, we had an extensive argument of this two
17      days ago and nobody suggested to me that a decision on this
18      should be deferred pending some further discovery or that this
19      discovery is somehow necessary to resolve this issue.
20      Therefore, I went ahead and I resolved the issue.  It is
21      resolved, it is over and done with.
22               If there remains or is to remain some action in this
23      court on the merits, well, then you will be entitled to
24      whatever discovery you are entitled to on the merits.  It will
25      be the first occasion I am aware of where plaintiff tries to
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                        14
        654YEXPC
 1      take discovering to prove it doesn't have jurisdiction in the
 2      action.
 3               If the underlying action is going to proceed, the
 4      defendant has expressly consented to jurisdiction right here in
 5      open court, has -- I don't know if we actually discussed this,
 6      but I think to the extent that we may be in a situation where
 7      the defendant hasn't actually been served, you are waiving
 8      service or accepting service or something, right?
 9               MR. DUFFY:  Accepting service, your Honor.  We haven't
10      formerly filed an answer, but if it is necessary we will do so.
11               THE COURT:  So I don't think there is any issue
12      anymore as to the defendant's amenability to suit, and if there
13      is a suit to be had here, I'm not sure what that suit is since
14      both sides agree that the proper forum is London and the
15      defendant agrees to arbitrate in London.  Either you will go
16      there and do it or you will get an order compelling the
17      defendant to do it out of this court and I don't know what else
18      is left.
19               I mean, there is no claim by the plaintiff, as I
20      understand it, that this court should adjudicate the merits of
21      the dispute, there is only an issue whether the defendant has
22      to go to London and they are happy to go.
23               So I think there is nothing to have discovery about
24      and no case left, but as I say, if I misunderstand that in some
25      way you will let me know within ten days.  So while you are
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                        15
        654YEXPC
 1      making up your mind to appeal, you can also make up your mind
 2      about that.
 3               But it seems to me and I think it has been clear from
 4      the beginning, and this is not any criticism, nothing improper
 5      about it, that this action was about getting the attachment.
 6      The attachment has now been vacated and its time for some other
 7      court if you want to bring it there to decide whether that's
 8      correct or not.  But at the end of the day, I think it would be
 9      irresponsible for me to grant a further stay because the whole
                                    Page 7
```

```
                              654YEXPC.txt
10    point of this procedure is to decide whether there is a basis
11    for attaching the defendant's property.  I have decided that
12    there isn't and so they should be entitled to the use of their
13    property as soon as possible.  That's my view of it.
14             If it is somebody's view, higher authority and greater
15    wisdom that they shouldn't be entitled to the use of their
16    property, well, it's for that court to enter a stay and protect
17    its jurisdiction and do whatever it thinks is appropriate.  But
18    for my purposes, you know, if this order is automatically
19    stayed, fine, it is automatically stayed and that gives you the
20    opportunity to seek a further stay in the appropriate court.
21             All right.  I think we are done.
22             Thank you very much.
23                               - - -
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```