UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CENTAURI SHIPPING LTD.,

                          Plaintiff,                   **ECF CASE**

    - against -

WESTERN BULK CARRIERS KS, WESTERN BULK AS,    07 Civ. 4761 (RJS)
and WESTERN BULK CARRIERS AS,

                          Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S *SUPERSEDEAS* BOND ORDER

Of Counsel:

Kirk M. Lyons
Jon Werner

**Lyons & Flood, LLP**
Attorneys for Plaintiff
CENTAURI SHIPPING LTD.
65 W. 36th Street, 7th Floor
New York, NY 10018

### Preliminary Statement

This Memorandum of Law is submitted in support of plaintiff Centauri Shipping Ltd.'s ("Centauri") motion for reconsideration, pursuant to Local Civil Rule 6.3 of the Local Rules of United States District Court for the Southern District of New York and Rule 60(b) of the Federal Rules of Civil Procedure, of the Court's Order directing Centauri to provide a *supersedeas* bond in the amount of $312,753 (the "Bond Order").

The purpose of this motion for reconsideration is an attempt to reduce the cost that would be incurred by defendant Western Bulk Carriers KS ("WBC") in maintaining the surety bond going forward from June 2008 onwards, with a corresponding potential benefit to Centauri in the event WBC prevails on appeal and is awarded costs against Centauri.

### ARGUMENT

### POINT I

### THE AMOUNT OF SECURITY AWARDED DEFENDANT WBC IS GREATER THAN THE AMOUNT NECESSARY TO MAINTAIN THE *STATUS QUO* PENDING APPEAL

Centauri respectfully submits that the Bond Order should be amended to reduce the amount of security that Centauri is required to provide for the stay of the Vacatur Order pending appeal.

In the Bond Order, the Court directed Centauri to "post a *supersedeas* bond in the amount of $312,753 in order to cover the costs to defendants of maintaining the surety bond in this action pending appeal," finding that "such security is 'necessary' under Rule

62(c) to 'preserve the status quo pending [the] appeal' of this action." (See Bond Order at pp. 4-5).

In reaching this conclusion, the Court found that "plaintiff has failed to present *any* statute or authority, or any persuasive equitable argument, in support of its position that defendants were obliged to obtain security in precisely the form desired by plaintiff, or that defendants' failure to do so in June 2007 requires this Court to now reduce the amount of the *supersedeas* bond that should be posted by plaintiff pending appeal." (See Bond Order at p. 3).

Nearly half of the amount of the *supersedeas* bond which the Court ordered Centauri to provide and which the Court found was "necessary," however, represents a cost that has not yet been incurred by defendant WBC and could reasonably be avoided by WBC.

Specifically, in support of its application for a *supersedeas* bond, WBC presented evidence that its total actual costs to date were only $166,878, and that of its future estimated costs of $145,875, $130,482 represented the cost of the bond premium renewal which was due to be paid in June 2008 and would cover a one-year period from June 2008 to June 2009 and $15,393 represented the guarantee commission costs from June 11, 2008, to December 11, 2008. (See Exhibit 1 to WBC's letter dated April 18, 2008. Copies of selected pages from Exhibit 1 are attached for ease of reference). As can be seen from the documents provided by WBC, the "guarantee" commission identified in Exhibit 1 was the cost to WBC of maintaining a stand by letter of credit issued by its bank, Nordea Bank, as counter-security to the surety, Western Surety Company, which issued the surety bond.

WBC would avoid the additional $130,482 cost of renewing the surety bond for the one-year period from June 2008 to June 2009 if the surety bond were substituted by a letter of credit issued by Nordea Bank, WBC's bank, directly to plaintiff. Issuance of a letter of credit directly from Nordea Bank to plaintiff in lieu of the surety bond would obviate the need for a surety bond, thereby reducing the cost to WBC and potential cost to Centauri. For if a letter of credit were substituted for the surety bond, WBC would save the cost of the surety bond premium for the June 2008 – June 2009 time period and Centauri would save the potential cost of the surety bond in the event WBC prevailed on appeal and was awarded costs. Thus, both parties would benefit in the event the surety bond was substituted by a letter of credit.

In the event the Court ordered that the surety bond should be substituted by a letter of credit going forward, the cost to WBC to maintain the security would be as follows based on the figures contained in Exhibit 1.

| | |
|---|---|
| Total Cost to Date | $166,878 |
| Estimated costs 2008 Guarantee commission 11 June – December 2008 | $15,393 |
| Total cost to end 2008 | $182,271 |

Given the significant amount of costs at issue and the ability to avoid these anticipated costs, Centauri respectfully submits that defendant WBC should be required to substitute a letter of credit in favor of Centauri in place of the surety bond previously provided to Centauri.

Rule 62(c) of the FRCivP gives the Court discretion to order a stay "on terms for bond or other terms that secure the opposing party's rights." Centauri submits that the language of Rule 62(c) is sufficiently broad to allow the Court to direct defendant WBC to provide a letter of credit in lieu of a surety bond in these circumstances.

## POINT II

### PLAINTIFF SHOULD BE PERMITTED TO PROVIDE SECURITY TO DEFENDANT IN THE FORM OF A LETTER OF CREDIT

For the same reasons as those noted above, Centauri respectfully submits that the Bond Order should be amended to permit Centauri to provide security to WBC in the form of a letter of credit instead of in the form of a *supersedeas* bond. Just as it urges defendant WBC should, Centauri seeks to avoid the bond premium costs, which necessarily accompany the issuance of a *supersedeas* bond.

## CONCLUSION

Centauri respectfully requests the Court to enter an Order directing WBC to substitute a letter of credit in favor of Centauri in place of the surety bond previously provided to Centauri, with Centauri to provide its security for the costs of the appeal in the form of a letter of credit. Centauri further respectfully requests the Court to enter an order that amends the amount of security due from plaintiff from $312,753 to $182,271, and that grants such further and other relief as the Court sees fit.

Dated: May 20, 2008

>                              LYONS & FLOOD, LLP
>                              Attorneys for Plaintiff
>                              CENTAURI SHIPPING LTD.
>
> By:    _____
>                              Kirk M. Lyons (KL-1568)
>                              65 West 36th Street, 7th Floor
>                              New York, New York 10018
>                              (212) 594-2400

U:\kmhldocs\2648001\Motions\Reconsideration\MOL-Reconsideration.doc

**EXHIBIT "1"**

Paid Expenses to date

| | NOK | USD |
|---|---:|---:|
| **Nordea** | | |
| Issuance Commission | 5,000 | |
| Guarantee Commission (until 11 Dec 07) | 15,393 | |
| Amendment and Swift costs | 115 | |
| Amendment and Adm costs corresp bank (NY) | 345 | |
| Guarantee Commission (until 11 March 08) | 7,654 | |
| Guarantee Commission (until 11 June 08) | 7,738 | |
| Renewal of Letter of Credit fee (until 11 June 2009) | 100 | |
| | 36,346 | |
| **International Sureties (Western Surety)** | | |
| Fee | 700 | 50 |
| Bond Premium | | 130,482 |
| | | 130,532 |
| **TOTAL ACTUAL COSTS TO DATE** | | 166,878 |

Estimated costs 2008:
Bond premium renewal June 2008 — 130,482
Guarantee commission 11 June - 11 December 2008 — 15,393
                                                   145,875

Total cost to end 2008                              312,753

09/04/08

WESTERN BULK CARRIERS KS
POSTBOKS 78   SKØYEN

0212 OSLO


AVREGNING GARANTI
-------------------------------------------------------------
Garanti nr.:            401-02-0031079-X
Deres referanse:        Western Surety C
Garantibeløp:           USD 15.350.796,00
Benefisiant:            WESTERN SURETY COMPANY
                        C/O CNA SURETY CORP. COLLATERAL
                        MGMT - MAIL STATION D ON 41
                        333 S.WABASH AVE., CHICAGO, IL60604
-------------------------------------------------------------

Utl.bnk gebyr                          USD         100,00-

Konto nr.   600604 43532     Total USD            100,00-
                             Val.d 09 april 2008


i hht vedlagte kopi av nota fra USA


Med hilsen,

Nordea Bank Finland Plc.
Trade Finance

Signatur ikke nødvendig.

                                    10/4-08  LCH


(401-02-0031079-X    MSC 026 /sto)

New expiration date    June 11, 2009

Please be advised that the above mentioned Standby Letter of Credit is extended for another year to a new expiration date of $June 11, 2009, therefore today we will debit your US Dollar account no. 3020343001 with us for total of $100.00 to cover the following charges:

SBY53585  renewal fee        $100.00 from June 11, 2008 to June 11, 2009

Best regards,
Margie

---

Margeline A. Arcangeles
Assistant Treasurer
Trade Finance Administrator
Nordea Bank Finland Plc-New York Branch
437 Madison Avenue
New York, NY 10022

Tel no.  212 318 9329
Fax no.  212 318 9665
Email:margeline.arcangeles@nordea.com

---

Nordea Bank Norge ASA
Pb. 1166 Sentrum
0107 Oslo
Tlf: 22485000

***********************************************************************
Informasjon



**Erklæring om pantsettelse**
Næringsforhold - egenpant
*Denne erklæring skal ikke benyttes i næringsforhold dersom låntageren er en fysisk person, og lånet er sikret ved pant i et formuesgode som tilhører låntageren uten at godet hovedsakelig er knyttet til låntagerens næringsvirksomhet, jf. finansavtaleloven §2.*

| Saksnr. | Depotnr. 6005.78.37341 |
|---|---|

**Pantsetter (låntager)**

| Navn, adresse: Western Bulk Carriers KS | Org.nr./Fødselsnr. 935 298 660 |
|---|---|

**Spesifikasjon av pantet**

| | Pålydende |
|---|---|
| Panterett i konto 6008.04.91274 i Nordea Bank Norge ASA | |

Inkludert renter og utbytte av pantet nevnt ovenfor.
*Pantet skal tjene til sikkerhet for de forpliktelser (med renter, provisjon og omkostninger) som låntageren har eller måtte få overfor banken/foretaket i henhold til:*

Standby letter of Credit USD 15.360.000 (i favør av Western Surety Company) og On-Demand Guarantee USD 1.642.000 begge ydet av Nordea Bank Norge ASA og/eller Nordea Bank Finland plc

Hvor hovedforholdet er et fastrentelån, skal pantet tjene til sikkerhet også for eventuell rentetapserstatning (overkurs). Pantsettelsen gjelder også fornyelser eller forlengelser, med eller uten avdrag.

**Banken/Foretaket har rett til å kreve at pantekravet blir innfridd dersom:**
a) lånet er brakt til førtidig forfall etter låneavtalen, eller låntageren (pantsetteren) på annen måte har vesentlig misligholdt låneavtalen,
b) pantet blir gjort til gjenstand for tvangsforfølgning,
c) pantsetteren vesentlig misbruker sin råderett over pantet eller for øvrig forsømmer sine plikter til bruk, vedlikehold og forsikring av pantet, jf. panteloven §1-7,
d) pantet går tapt eller blir skadet ved en tilfeldig begivenhet, og dette medfører at pantesikkerheten blir vesentlig forminsket,
e) skyldner gir banken/foretaket uriktige eller ufullstendige opplysninger,
f) pantet blir påheftet pante- eller sikkerhetsrett som kan forringe bankens/foretakets dekningsmulighet,
g) det er stilt pant i driftstilbehør, og det blir opphør eller endring av leieforhold som har særlig betydning for pantets verdi.
Før innfrielse kan kreves etter c) eller d) over, skal banken/foretaket gi pantsetteren varsel med rimelig frist til å rette på forholdet, dersom det ikke er forbundet med fare å vente.
I situasjoner som nevnt over har banken/foretaket rett til å realisere pantet ved tvangssalg etter tvangsfullbyrdelseslovens regler, eller på forhåndsavtalt måte for enkle pengekrav og børsnoterte verdipapirer og fondsaktiver, eller for andre panteformer på annen måte avtalt med pantsetter etter at situasjonen har oppstått.
Ved delvis dekning avgjør banken/foretaket hvilke deler av kravet, inklusive renter og omkostninger, som skal dekkes først.
Pantet vil ikke bli slettet ved innfrielse av lånet, med mindre låntageren ber om det.
Gjenpart av denne erklæring er mottatt.

*Erklæringen fortsetter på baksiden*

4709, v.nr. 2, 2007.09

Nordea Bank Norge ASA  Middelthuns gate 17 Oslo  Postboks 1166 Sentrum  0107 OSLO  Org.nr. NO 911 044 110 MVA

| Bekreftelser og underskrifter | | |
|---|---|---|
| Er panteobjektet bolig? ☐ Ja ☐ Nei *Hvis ja, må nedennevnte besvares:* | | |
| ☐ Jeg er ugift og panteobjektet(ene) eies av meg alene | ☐ Jeg er gift/registrert partner, men pantsettelsen gjelder ikke felles bolig | |
| ☐ Jeg er ugift, men panteobjektet(ene) eies av meg sammen med: | ☐ Jeg er gift/registrert partner og min ektefelle/registrert partners samtykke er nødvendig | |
| Dato | Pantsetters underskrift | Gjentas med maskin eller blokkbokstaver |
| 20/9/07 | *[signature]* | Western Bulk Carriers KS |
| | | |
| Dato | Ektefelles/Registrert partners underskrift og samtykke i pantsettelsen | Gjentas med maskin eller blokkbokstaver |
| Dato | Sameier(e)s underskrift(er) og samtykke(r) i pantsettelsen | Gjentas med maskin eller blokkbokstaver |
| | | |



**Pledge/Mortgage Declaration**
Business Loan - own security
*This declaration shall not be used in a business context if the borrower is a physical person, and the loan is secured by a mortgage in a capital asset/property that belongs to the borrower without the asset/property being primarily associated to the borrower's business enterprise, cf Financial Agreement Act §2.*

| Pledgor/mortgagor (borrower) | Saksnr. | Customer no. |
|---|---|---|
| Name and address: Western Bulk Carriers KS | | Enterprise no./Nat ID no. 935 298 660 |

**Specification of the security**

| | Value |
|---|---|
| Mortgage in account no. 6008.04.91274 in Nordea Bank Norge ASA | |

Including interest and dividends from the security stated above.

The pledge/mortgage shall serve as security for the obligations (with interest, commission and costs) that the borrower has or shall have towards the bank/enterprise with reference to:

Standby letter of credit USD 15.360.000 (in favour of Western Surety Company) and On-Demand Guarantee USD 1.642.000 both placed by Nordea Bank Norge ASA and/or Nordea Bank Finland Plc.

Where the loan is a fixed interest loan, the pledge/mortgage shall also serve as security for compensating any interest loss (premium). The pledge/mortgage also applies to loan renewals or extensions, with or without repayment.

**The bank/enterprise is entitled to demand the security requirement to be redeemed if:**
a) the loan is brought to premature redemption in accordance with the loan agreement, or if the borrower (pledgor/mortgagor) has fundamentally breached the loan agreement in some other way
b) the security is the subject of enforcement proceedings
c) the pledgor/mortgagor fundamentally misuses his right to use the securities or otherwise neglects his obligations to use, maintain and assure the security, cf. Mortgages and Pledges Act §§ 1-7
d) the security is lost or damaged by accident, and this results in the security being considerably reduced in value
e) the debtor provides the bank/enterprise with incorrect or incomplete details
f) the security is encumbered with mortgage or security right, that can diminish the bank's/enterprise's possibility for cover
g) security is placed in machinery and plant, and tenancy is terminated or changes are implemented that are of significance for the bank/enterprise.

Before redemption can be demanded according to c) and d) above, the bank/enterprise shall give the pledgor/mortgagor notification with reasonable time to rectify the matter, providing no risk is attached to waiting. In situations such as those mentioned above, the bank/enterprise is entitled to realise the security through compulsory sale pursuant to the provisions of the Debt Enforcement Act, or by a preagreed method for simple money claims and exchange listed securities and stock assets, or for other forms of security in away agreed with the pledgor/mortgagor or subsequent to the situation arising. With partial coverage, the bank/enterprise decides which parts of the claim, including interest and costs, shall be covered first. The security will not be erased with redemption of the loan, unless the borrower requests this.
Copy of this statement is received.

The declaration continues on the back

Nordea Bank Norge ASA Middelthuns gate 17 Oslo Postboks 1166 Sentrum 0107 OSLO Org.nr. NO 911 044 110 MVA

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 20th day of May 2008, I served true copies of the foregoing, by e-mail and U.S. Mail, first-class postage pre-paid to:

>LENNON, MURPHY & LENNON, LLC
>Attorneys for Defendants
>WESTERN BULK CARRIERS KS, WESTERN BULK CARRIERS AS, and WESTERN BULK AS
>Tide Mill Landing
>2425 Post Road
>Southport, CT 06890
>
>Attn.: Patrick F. Lennon, Esq.

_____
Kirk M. Lyons

U:\kmhldocs\2648001\Motions\Reconsideration\MOL-Reconsideration.doc