UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTAURI SHIPPING LTD.,

                   Plaintiff,

-v-

WESTERN BULK CARRIERS KS, WESTERN
BULK CARRIERS AS, and WESTERN BULK, AS,

                   Defendants.

No. 07 Civ. 4761 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On May 5, 2008, this Court ordered plaintiff Centauri Shipping Ltd. ("Centauri") to post a *supersedeas* bond in the amount of $312,753 in order to cover the costs to defendants of maintaining the surety bond in this action pending appeal (the "Bond Order"). In the Bond Order, the Court observed that it was "undisputed that this amount is the cost to defendants of maintaining the surety bond through December 2008" (May 5 Order at 4 n.5), and found, therefore, that such security was "necessary" pursuant to Rule 62(c) of the Federal Rules of Civil Procedure to "preserve the status quo pending [the] appeal" of the *vacatur* issued by this Court on September 12, 2007 (*id.* at 4-5 (quoting *Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988))). Plaintiff now moves for reconsideration of the Bond Order pursuant to Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion is denied.

    Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that relief under Rule 60(b) is "extraordinary" and can be granted "only upon a showing of exceptional

circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bankof N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). The decision to grant or deny the motion is within the sound discretion of the district court. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).

As an initial matter, the Court finds that Rule 60(b) is inapplicable to the Bond Order. Rule 60(b) applies only to "final" judgments or orders. *See Alvarez v. American Airlines, Inc.*, No. 98 Civ. 1027 (MBM), 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8, 2000) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) ("Rule 60(b) applies only to judgments that are final.")). Here, the Bond Order, wherein the Court exercised its discretion to direct plaintiff to post a *supersedeas* bond in a certain amount, does not appear to be "sufficiently 'final' to be appealed."[1] *Id.*; *see Donlon Indus., Inc. v. Forte*, 402 F.2d 935, 937 (2d Cir. 1968) ("It can be said, in support of appealability, that when the only question concerns the amount of security, the chance of serious error is too small to warrant appellate scrutiny, especially in light of the possibility of reconsideration . . . ; in contrast, a complete refusal of security may reflect a wholly erroneous approach which the judge is unlikely to alter on a further application and the error will thus go uncorrected until too late."); *Phelps v. Burnham*, 327 F.2d 812, 814 (2d Cir. 1964) ("[W]e would not consider a determination as to the amount of security to be appealable . . . ."); *see also Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 398 (2d Cir. 1995) ("It is true that we have dismissed appeals for lack of jurisdiction when they raise only a fact-specific challenge to the trial court's exercise of its discretion in granting, denying, or setting the amount of security. However, . . . orders *denying* security may be

---

[1] Moreover, even assuming *arguendo* that the Bond Order was a "final" order within the scope of Rule 60(b), plaintiff has failed to establish that its obligation to post a *supersedeas* bond pending appeal constitutes an "exceptional" circumstance that justifies relief from the Bond Order under Rule 60(b).

appealable, particularly when the appeal presents an important question of law whose resolution will guide courts in other cases.") (internal quotation marks and citations omitted) (emphasis added); *cf. Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 795 (7th Cir. 1986) (Posner, J.) (finding that an order waiving the posting of a *supersedeas* bond and providing for alternative security to be posted by defendant was "a classic 'collateral order,' appealable separately from the final judgment on the merits").

Therefore, plaintiff's motion is properly construed as an application for reconsideration of the Bond Order pursuant to Local Civil Rule 6.3, which provides that a party moving for reconsideration must "set[ ] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." *See* Local Civil Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (internal citations omitted). Moreover, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (internal citation and quotation marks omitted).

Plaintiff does not point to any legal authority or evidence which this Court overlooked in rendering the Bond Order. Instead, plaintiff seeks to reargue issues already decided. Indeed, plaintiff reasserts arguments specifically rejected by this Court in the Bond Order. (*Compare* Pl.'s Recons. Mem. at 3 ("Centauri respectfully submits that defendant WBC should be required to substitute a letter of credit in favor of Centauri in place of the surety bond previously provided to Centauri.") *with* May 5 Order at 2-3 ("[P]laintiff argues that, in June 2007, defendants 'could

have' avoided the costs of the surety bond by obtaining a 'bank guarantee or letter of credit' in lieu of the surety bond.").)  Such arguments cannot, of course, provide the basis for reconsideration of the Bond Order.

Moreover, while plaintiff purports to advance new arguments in its motion — arguments that cannot, as a matter of law, present a basis for reconsideration — plaintiff's motion does not, in fact, advance any novel arguments.  Rather, plaintiff merely asserts that, *if* it had been afforded leave to submit an "additional letter" regarding the *supersedeas* bond issue, it would have argued in that letter that, since the filing of this action, "defendant should have taken steps to replace the more expensive surety bond with a letter of credit . . . ." (Pls.' May 22, 2008 Ltr. at 2.)  This is, once again, essentially the same argument rejected by the Court in the Bond Order and, therefore, cannot provide a basis for reconsideration of that order.  (*See* May 5 Order at 2-3 ("Plaintiff now — for the first time since the parties raised the issue of a *supersedeas* bond with the undersigned in September 2007 — takes exception to defendants' refusal to obtain a bank guarantee in lieu of a surety bond . . . .").)  In addition, even assuming *arguendo* that this was a new argument, the Court declines to refashion the surety arrangements in this action to suit plaintiff's recently discovered preference for a letter of credit, at least absent compelling legal authority in support of plaintiff's request.

Thus, it appears that the only new argument presented in plaintiff's motion is plaintiff's assertion that it should be permitted "to provide security to [defendants] in the form of a letter of credit instead of in the form of a *supersedeas* bond" in order to "avoid the bond premium costs . . . ." (Pl.'s Recons. Mem. at 4.)  The Court rejects this argument as a basis for reconsideration on the ground that it was not previously raised by plaintiff at *any* time during these proceedings. Indeed, prior to the final page of plaintiff's memorandum offered in support of its motion for

4

reconsideration, plaintiff had failed to indicate its desire to provide security to defendants in any form other than a bond. Moreover, at a conference with the Court regarding the bond issue, plaintiff's counsel specifically represented to the Court that his client had previously "offered to *provide a bond* in the amount of the cost [to defendants] to maintain the surety bond" during the course of the appeal, and that, at the time of the conference, plaintiff was "standing by that representation." (Apr. 8 Tr. at 9 (emphasis added).) In any event, even assuming *arguendo* that plaintiff's request was properly before the Court, it does not present a compelling basis to alter the security arrangements set forth in the Bond Order. Rule 62(c) plainly contemplates that a court may require the appellant to post a "bond" to "secure the opposing party's rights" pending appeal. Fed. R. Civ. P. 62(c).

For the foregoing reasons, plaintiff's motion for reconsideration and/or relief from the Bond Order is DENIED as wholly without merit. The Clerk of the Court is respectfully requested to terminate the motion docketed as document number 39.

SO ORDERED.

Dated:     New York, New York
           June 9, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE